STATE OF NEBRASKA, EX REL. EMMA WILKINS, V. DAVID F. LEFEVRE.

**Courts:** RECORDS OF DISTRICT COURT. Section 27 of chapter 19 of the Compiled Statutes of 1887, makes it the duty of the clerk of the district court to keep a record of the proceedings of the court, under the direction of the judge of such court. The supreme court has no jurisdiction or authority to exercise the functions of the district court in the matter of the preparation of the records of said court. Its jurisdiction, except in certain cases, being appellate and not original.

ORIGINAL application for mandamus.

*Uttley & Benedict,* for relator.

No appearance for respondent.

REESE, CH. J.

This is an application to this court, in the exercise of its original jurisdiction, for an order in the nature of a mandamus, to compel the defendant in error, who is the clerk of the district court of Brown county, to spread upon the records of that court certain orders made by it.

It is alleged that plaintiff had recovered certain judgments against John Wilkins, in the county court of said county, and had caused a transcript thereof to be filed in the office of the clerk of the district court, and procured executions to be issued thereon against the property of the

judgment debtor; that the sheriff had levied the execution upon the real estate of the execution defendant, and had sold the same to plaintiff, and made his return to the district court, by which the sale was confirmed, and a deed ordered.

It appears that the written order was made by the judge of the district court, in a county of his district other than the one in which the sale was made, and accompanying such order was a direction to the clerk to withhold it from the files and records in a certain contingency.

Section 27 of chapter 19 of the Compiled Statutes of 1887, provides that the clerk of each district court shall keep a record of the proceedings of the court under the direction of the judge of said court, the same to be signed in open court by the judge.

We have not been cited to any law, either statutory or unwritten, and we know of none, which confers upon the supreme court jurisdiction to control or direct the ministerial officers of the district court in the discharge of their duties, which are by law placed under the direct supervision of that court. Except in certain cases mentioned, the jurisdiction in the supreme court is exclusively appellate, and can only correct the errors of the district courts and their officers in appellate proceedings, in the manner provided for by law. The clerks of the various courts are under the control and direction of the courts of which they are such clerks; and in the discharge of their duties as such clerks, in all matters wherein the authority to control them is expressly or by implication lodged in such courts, the supreme court cannot interfere, unless there is some error or refusal to discharge its duty upon the part of the court itself.

The application for the order is dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.