STATE, EX REL. C. R. SLOMAN, v. FRANK E. MOORES.

[FILED MARCH 11, 1890.]

Clerk of District Court: MANDAMUS. Section 889 of the Code confers authority upon the district court to direct its clerk in the performance of his official duties, and the supreme court will not issue a *mandamus* to compel such clerk to issue an order of sale upon a decree of foreclosure, where there has been no application to and refusal by the district court to direct its clerk to issue such order of sale.

ORIGINAL application for *mandamus*.

*Brome, Andrews & Sheean,* for relator.

*Gannon, Breck & Shea, contra.*

NORVAL, J.

This is an application to this court for a *mandamus* to compel the respondent, who is the clerk of the district

court of Douglas county, to issue an order of sale upon a decree of foreclosure of a mortgage entered in that court. It appears that the relator, on the 27th day of November, 1889, obtained a decree of foreclosure of a real estate mortgage in the district court of Douglas county, in an action wherein the relator was plaintiff and J. Woods Smith *et al.* were defendants; that said Smith, at the commencement of said action, was the owner of the real estate mentioned in said decree; that one W. R. Vaughn purchased said real estate during the pendency of said action, and that before the rendition of said decree the plaintiff therein applied for the appointment of a receiver, making said Vaughn a party to said application, who appeared and defended, and said application was denied. Two of the defendants in said suit, J. Woods Smith and Lettie W. Smith, by stipulation in writing, expressly waived the right of stay. On the 14th day of December, 1889, and within twenty days after the entry of said decree, the said Vaughn filed with the respondent, as clerk of said district court, a written request for a stay. The respondent refuses to issue an order of sale. It does not appear that the said district court was ever requested to direct the respondent to issue an order of sale upon said decree.

The sole question discussed in the briefs of counsel was this, Did Vaughn's request stay the decree? There is, however, another question presented by the record, and that is, whether or not the supreme court has jurisdiction to issue a writ of *mandamus* to compel the clerk to issue an order of sale upon the decree. We are aware that this court, in the case of *State, ex rel. Lucas, v. Thiele,* 19 Neb., 220, granted a writ of *mandamus* in a case like the one at bar. The question, however, that we are now considering was not discussed or passed upon in that case, therefore it is not binding as an authority.

Section 646 of the Code provides "this writ (*mandamus*) may not issue in any case when there is a plain

and adequate remedy in the ordinary course of the law." We are of the opinion that the law affords the plaintiff a plain remedy. Section 889 of the Code provides that " the clerk of each of the courts shall exercise the powers and perform the duties conferred and imposed upon him by other provisions of this Code, by other statutes, and by the common law. *In the performance of his duty he shall be under the direction of his court.*" This statute confers upon the district court jurisdiction to direct the clerk of such court in the performance of his official duties. The relator has a speedy, plain, and adequate remedy provided by statute, by applying to the district court of Douglas county for an order directing the respondent to issue the order of sale. (*State v. Le Fevre,* 25 Neb., 223; *Pickell et al. v. Owen,* 24 N. W. Rep. [Iowa], 8.)

It does not appear that there has been any application to or refusal by the district court to direct the respondent to issue the order of sale. Doubtless the respondent would promptly issue the writ if directed to do so by his court. This court will not issue a *mandamus* to control or direct a clerk of the district court in the discharge of his duties, where there has been no refusal by the district court to give such direction. The application will, therefore, be dismissed.

WRIT DENIED.

THE other judges concur.