THE PEOPLE *ex rel.* Ahern

*v.*

JAMES A. BOLLAM.

*Opinion filed October 19, 1899.*

CONSTITUTIONAL LAW—*statute authorizing village board to appoint constable is unconstitutional.* Sections 11 and 12 of article 11 of the City and Village act, (Rev. Stat. 1874, p. 243,) authorizing the president and board of trustees to appoint a constable, are in that respect in violation of section 21 of article 6 of the constitution, which directs that such officers shall be elected.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

This is a proceeding by information in the nature of *quo warranto* in the name of the People of the State, filed in the circuit court of Cook county on September 16, 1898, by the State's attorney of that county, charging that the defendant, James A. Bollam, for a space of over one month then last past and more during the year 1898, unlawfully held and still does hold and execute without any warrant or right whatsoever, the office of constable in and for the township of Bloom in the village of Columbia Heights, Cook county, and, during all of said time had usurped, and still does usurp the rights, privileges and duties of the office of constable in and for said township in said village in said county, to the damage and prejudice of the People, and against the peace and dignity of the same. To this information, the defendant, Bollam, filed a disclaimer of title to the office of constable in and for said township in said village.

On September 30, 1898, an amended information was filed, which was the same in every allegation as the original information, except that the village of Steger was substituted for the village of Columbia Heights. To this amended information the defendant, Bollam, pleaded jus-

tification, setting forth that on April 25, 1898, he was duly and legally appointed to the office of constable by the president and board of village trustees of the village of Steger in said township and county under and by virtue of section 11 of article 11, part 1, of the City and Village act (1 Starr & Curt.—2d ed.—p. 791); that, after his appointment, he took the oath of office, and gave bond as required by law, and received from the clerk of the village of Steger a certificate of appointment and qualification, and, under section 12 of said article 11 (id. p. 792) became and was entitled to hold and execute the duties and privileges of the office of constable in and for the entire county of Cook, as well as of the village of Steger in said township of Bloom; and that by his said warrant he still holds and executes the said office of constable.

By stipulation, all further pleadings were waived, and the cause was heard by the court on the amended information and the answer thereto, and on an agreed statement of facts in writing, signed by the respective parties. By the stipulation, propositions of law were to be offered by the People and the defendant, to be held or refused or modified by the court; and the cause proceeded to be heard upon the constitutionality of said sections 11 and 12. It was therein stipulated that the title to the office of constable, held by the defendant, should be determined by the decision of the question as to the constitutionality of said sections.

Upon the trial, counsel for the People requested the court to hold, as matter of law, that said sections 11 and 12 were in conflict with section 21 of article 6 of the constitution of the State of Illinois, and therefore null and void. The proposition of law, so submitted by the People, was refused by the court, and counsel for the People excepted. Counsel for the defendant below, appellee here, requested the court to hold, as matter of law, that said sections 11 and 12 were not in conflict with the constitution of the State. This proposition was held by the court

182—34

as offered, and exception was taken by the counsel for the People.

The court below declined to hold the defendant guilty in manner and form as charged in the information, and dismissed the information at the relator's costs. Exception was taken by the People to this judgment of the circuit court, and the present appeal is prosecuted from said judgment.

CHARLES S. DENEEN, State's Attorney, (JOSEPH A. MCINERNEY, and T. A. COFFEY, of counsel,) for appellant.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The only question involved in this case is, whether sections 11 and 12 of article 11 of part 1 of the City and Village act are constitutional or not. Those sections, so far as they relate to the office of constable, are as follows:

"Sec. 11. The president and board of trustees may appoint * * * a village constable and such other officers as may be necessary to carry into effect the powers conferred upon villages, to prescribe their duties and fees, and require such officers to execute bonds as may be prescribed by ordinance.

"Sec. 12. The village constable shall have the same powers to make arrests, execute process, and perform other official acts, as other constables under the general laws of the State, together with such other powers as may be conferred on him by ordinance."

The provision of the constitution, with which these sections are alleged to be in conflict, is section 21 of article 6 of the constitution of 1870. Section 21 of article 6 of the constitution is as follows: "Justices of the peace, police magistrates, and constables shall be elected in and for such districts as are, or may be, provided by law, and the jurisdiction of such justices of the peace and police magistrates shall be uniform."

Sections 11 and 12 provide for the appointment of a village constable by the president and board of trustees of the village, and that such constable shall have the same powers to make arrests, execute process, and perform other official acts, as other constables under the general laws of the State. The constitution, on the contrary, provides that constables shall be elected in and for such districts as are or may be provided by law. It would seem to be clear that, where a statute of the State directs a certain official to be appointed, when the constitution of the State requires him to be elected by the people, such statute is in conflict with the constitution.

The constitution does not authorize the legislature to prescribe the manner in which constables shall be selected, but merely that the legislature shall provide by law for the districts in and for which they are to be elected. The legislature of this State did provide by law, in an act approved June 26, 1895, entitled "An act to revise the law in relation to justices of the peace and constables," that constables should be elected at a certain time, and at certain elections, in counties under township organization, and at a certain time, and at certain intervals, in each election precinct in counties not under township organization. (Laws of Ill. 1895, p. 182). Section 1 of article 1, of the act of June 26, 1895, was amended by an act, approved March 17, 1897. (Laws of Ill. 1897, p. 246). Section 1 of article 1 of the act in regard to justices and constables, as thus amended, provides for the number of constables to be elected in each town in counties under township organization. Cook county is under township organization. Inasmuch as the constitution provides, that constables shall be elected in and for such districts as may be provided by law, and inasmuch as the legislature has provided by law for the election of a certain number of constables at certain times in each town in counties under township organization, it necessarily follows, that a so-called constable, who is not thus

elected in the district provided by law, but is appointed by the president and board of trustees of the village, has no power to áct or perform the duties of constable.

The provision of the constitution, that constables shall be elected, is mandatory. It is a well established rule of constitutional construction, that, when the constitution defines the circumstances under which a right may be exercised, the specification is an implied prohibition against the right of the legislature to add to the condition. (Cooley's Const. Lim.—6th ed.—pp. 78, 79). The Illinois constitution of 1870 prescribes election by the people, in districts to be fixed by the legislature, as the mode of selecting constables, and this specification of the mode of selection is an implied prohibition against the right of the legislature to prescribe any other mode. In *Field* v. *People*, 2 Scam. 79, we said: "Where the means for the exercise of a granted power are given, no other or different means can be implied as being more effectual or convenient." Accordingly, it has been held that where the constitution defines the qualifications of an officer, it is not in the power of the legislature to change or superadd to them, unless the power to do so is expressly, or, by necessary implication, conferred by the constitution itself. (*Thomas* v. *Owens*, 4 Md. 189; *Barker* v. *People*, 3 Cow. 686; *Matter of Dorsey*, 7 Port. 298; Cooley's Const. Lim. *supra*).

Section 24 of article 5 of the constitution of 1870 says, that "an office is a public position created by the constitution or law," etc. The constitution thus recognizes two classes of officers, one which is created by the constitution itself, and the other, which is created by statute. Where an office is created by statute, it is wholly within the control of the legislature, creating it. But when an office is created by the constitution, it cannot be enlarged or lessened in scope by any statute, or be filled in any other manner than the manner directed by the constitution. (*People* v. *Loeffler*, 175 Ill. 585).

We are of the opinion, that sections 11 and 12 of article 11 of part 1 of the City and Village act are in conflict with section 21 of article 6 of the constitution upon the ground above stated, so far as they provide for the appointment of constables. Accordingly, the judgment of the circuit court is reversed, and the cause is remanded to that court, with directions to enter judgment of ouster in accordance with the prayer of the information.

*Reversed and remanded.*