## SMITH *v*. KENT CIRCUIT JUDGE.

1. CLERKS OF COURTS—DUTIES.
   Since the duties of the clerk of the circuit court are defined neither in the statutes nor the Constitution, he is subject to all the legitimate orders of the court.

2. COSTS—SECURITY—FORM.
   The form of the security for costs which may be required of the plaintiff in a civil action under section 9992, 3 Comp. Laws, rests in the sound discretion of the court.

3. SAME—CERTIFICATE OF DEPOSIT.
   The clerk of the circuit court cannot refuse to obey an order for the filing with him of a certificate of deposit as security for costs in a pending case.

Mandamus by Connor H. Smith, county clerk of Kent county, to compel Willis B. Perkins, circuit judge of Kent county, to vacate an order receiving a bank certificate of deposit as security for costs. Submitted March 7, 1905. (Calendar No. 20,987.)   Writ denied March 21, 1905.

In a suit pending in the circuit court for the county of Kent, the respondent, on motion of the defendant, made an order requiring the plaintiff to give security for costs by filing a bond in the sum of $150.   Plaintiff, failing to obtain a bond, stipulated in writing with the defendant to deposit $150 in the Grand Rapids National Bank, obtain a certificate of such deposit, and file the same with the clerk of the court in lieu of the bond; the certificate to be indorsed payable to the clerk of the court upon the order of the court; the clerk to keep such certificate until the further order of the court.   This stipulation was presented to the court, and an order made in compliance therewith. The relator moved to set the order aside, which motion being denied, he applied to this court for the writ of mandamus to compel the vacation of such order.

*Ward & Brown*, for relator.

*Jesse F. Orton*, for respondent.

GRANT, J. (*after stating the facts*).   The relator insists that he cannot be compelled to receive property of any kind or description, and hold it as a bailee, in lieu of a bond.   In other words, he insists that a bond is the only security for costs contemplated by the statute.

The county clerk is a constitutional officer (Const. § 12, art. 6), and is by that section made the clerk of the circuit court of such county.   Section 221, 1 Comp. Laws, requires him to attend every term of court; gives him the care of all the records, seals, books, and papers pertaining to the office of the clerk of such court, and filed or deposited therein.   Neither the Constitution nor the statute prescribes his duties.   He is therefore subject to all the legitimate orders of the court of which he is clerk.   There are several provisions of the statute in regard to security for costs in suits—sections 713, 9990–9993, 10353, 10958, 11282, 11285, 11287, 11288.   Some of these require the writs and declarations in certain cases to be indorsed by some one as security for costs; others require a bond; while still others simply require security for costs without specifying in what manner it shall be given.

The section here involved is 9992, reading as follows:

" The court in which any civil action shall be pending, may, in all cases, when it shall appear reasonable and proper, require the plaintiff to give sufficient security for all such costs as may be awarded against him therein."

The statute in question does not provide that the security shall be a bond.   The form of the security therefore rests in the sound discretion of the court.   *Skinner* v. *Lucas*, 68 Mich. 424, 434; *Gifford* v. *Roberts*, 125 Mich. 408.   Under a similar provision in New York it was held that " the nature of the security is not designated, and there can be no good reason why the deposit of money should not be deemed competent security." *Wheelock* v.

*Brinckerhoff*, 13 Johns. (N. Y.) 481.   See 11 Cyc. 183. Other citations are not necessary.

The statute in many cases provides for the deposit of money with the clerk of the court, who is also register in chancery.  1 Comp. Laws, §§ 425, 504.   The deposit of money or a certificate of deposit imposes no hardship upon the clerk, and gives him no more trouble than does the care and keeping of a bond.   The relator in this case is put to no liability as bailee.   Compliance with the order of the court would be a complete defense to any claim made against him.   If the legislature had intended that a bond should be the only security, it would evidently have so provided, as it has in other provisions of the law. In civil cases the sole object of the security is to indemnify the defendant against costs.   A stranger or one without property might be unable to give a bond, but could make a deposit of money, or, as in this case, deposit a certificate as security.   We think it manifest that the purpose of the law was to leave the matter entirely in the discretion of the court.   It by no means follows, as counsel for the relator suggest, that a clerk could be compelled to accept diamonds or horses or other chattels as security, and be compelled to act as bailee.

Where the plaintiff was ordered to give security for costs, he deposited with the clerk $50, and it was held to be a compliance with the order.   *Fenet* v. *Wilson*, 3 Hill (S. C.), 340.   There are good reasons why the deposit of money, or, as in this case, a certificate, is better than a bond.   It saves the trouble of a suit, and places under the control of the court the money with which to order the costs to be paid.

The writ is denied.

Blair, Montgomery, Ostrander, and Hooker, JJ., concurred.