834 P.2d 862

**Norma ESTEP, in her capacity as Clerk of the District Court for Boundary County, Idaho, Petitioner,**

**v.**

**Ronald R. Smith, Merle Dinning, and Orrin Everhart, in their capacities as the COMMISSIONERS OF BOUNDARY COUNTY, Idaho, and Boundary County, a political subdivision of the State of Idaho, Respondents.**

No. 19735.

Supreme Court of Idaho, Boise, May 1992 Term.

June 11, 1992.

Cooke, LaManna, Smith & Cogswell, Priest River, for petitioner. Thomas E. Cooke, argued.

Randall W. Day, Bonners Ferry, for respondents.

PER CURIAM.[1]

### PART I

Norma Estep is the elected clerk of the district court for Boundary County. She

---

1. The Hon. George R. Reinhardt III, District Judge of the Second Judicial District, sitting by order of the Court to fill the vacancy in the Court's complement.

also acts as the ex officio auditor and recorder for Boundary County pursuant to art. 18, § 6 of the Idaho Constitution. In order to discharge her constitutional duties, she employs several deputy clerks and clerical assistants. Recently, there was a vacancy in a deputy clerk position. This particular position also involved payroll duties in addition to judicial clerk duties. Estep sought out applicants to fill the position and eventually offered the job to the person Estep felt was most qualified.

Another applicant, Lorene Johnson, complained to the Commissioners that she, as a county employee, should have been hired. Boundary County has a written personnel policy wherein it is provided, *inter alia,* that:

> Whenever practicable, vacancies shall be filled from qualified applicants within the County Classified Service, thus enhancing the County Career Service by providing upward mobility.

In response to the complaint, the Commissioners issued an order directing Estep to hire the county employee.

> IT IS HEREBY ORDERED that Norma Estep ... fill the position of Deputy Clerk of the District Court, Magistrate Court, and Payroll Section, with Lorene Johnson, a qualified, full-time employee of the Boundary County Sheriff's Office....

The person who had been hired has since resigned. The position is currently filled with a temporary employee. The Commissioners have refused to rescind their order directing Estep to hire Johnson and Estep refuses to comply with that order. Estep in her petition for a writ of mandate asks this Court to enjoin the Commissioners from any further interference with her selection and employment of deputy clerks and to compel the Commissioners to pay compensation to the persons she employs as deputy clerks.

### PART II

The question before the Court is whether a county board of commissioners has the authority to promulgate policies or issue orders which limit or direct the hiring decisions of a clerk of the district court. Estep argues that although she was elected to the office of county clerk by the people of Boundary County, nonetheless by provision of the Idaho Constitution she holds that office as a member of the judicial branch of government. Accordingly, she is a judicial officer, and the Commissioners' order directing that she hire Johnson is a violation of the separation of powers doctrine. The Commissioners argue that Estep is under the authority of both the Commission and the Court because she is both the clerk of the court (judicial functions) and the ex officio auditor and recorder (executive functions) of the county. For reasons which follow, we agree with Estep and grant the writ.

■ Article 2, § 1 of the Idaho Constitution is this state's expression of the separation of powers doctrine.

> The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial; and no person or collection of persons charged with the exercise of power properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as this constitution expressly directed or permitted.

Under art. 2, § 1, the Commissioners may not exercise any powers properly belonging to the judicial branch. *See Crooks v. Maynard,* 112 Idaho 312, 317, 732 P.2d 281, 286 (1987):

> [Article 2, § 1] delineates the doctrine of separation of powers as it relates to the coordinate branches of government— where a power is given to department, another department cannot act. *State ex rel. Hansen v. Parsons,* 57 Idaho 775, 69 P.2d 788 (1937). The legislature cannot exercise any supervisory power over the clerk of the court when exercising a judicial function, because the clerk is an arm of the judicial branch. The officer, when wearing a judicial hat, can only be supervised by an official judicial officer.

■ The office of clerk of the district court was created by art. 5, § 16 of the

Idaho Constitution. Because art. 5 pertains to the judiciary, it is beyond peradventure that the clerk of the district court is a judicial official. *Crooks v. Maynard,* 112 Idaho at 315, 732 P.2d at 284. The fact that the clerk is also the ex officio auditor and record does not change the office's constitutional status. "Ex officio" powers are those arising from "[t]he office; by virtue of the office, without any warrant or appointment than that resulting from the holding of a particular office." Black's Law Dictionary 516 (5th ed. 1979). The clerk of the court, by virtue of the office created in art. 5, § 16, also is possessed of other powers and duties which are non-judicial, but the clerk is nevertheless and foremost a judicial official.

The only exception to the separation of powers doctrine occurs where the exercise of another branch's power is expressly directed or permitted by the constitution. Article 18, § 6 of the Idaho Constitution, in addition to providing that the clerk is the ex officio auditor and recorder for her respective county, provides that "the clerk of the district court shall be empowered by the county commissioners to appoint such deputies and clerical assistants as the business of their office shall require, said deputies and clerical assistants to receive such compensation as may be fixed by the county commissioners." *See also* I.C. § 31–3107.[2] Far from being an express authorization of the Commissioners' action, this clause authorizes the clerk of the court to hire deputy clerks. The Court heretofore has stated that art. 18, § 6 precludes interference by the other two branches of state government in the matter of hiring practices of the county clerk:

> At first blush, this provision appears to give the county commissioners more power than they actually have. The county commissioners' power, at least with respect to the clerk of the district court, is limited and cannot be exercised to override every hiring decision. Upon a showing to the proper tribunal that a deputy or clerical assistant is needed, the county commissioners must authorize the appointment. *Dukes v. Board of County Commissioners,* 17 Idaho 736, 107 P. 491 (1910) (commissioners were ordered to authorize an appointment upon a district court's finding that the business of the office of the clerk of the district court needed a deputy.)

*Crooks,* 112 Idaho at 317, 732 P.2d at 286.

Adhering to our reasoning in *Crooks,* we reject the Commissioners' argument. The hiring of a deputy clerk is a judicial function which is performed by the clerk of the district court as a judicial officer. Under art. 5 of the Idaho Constitution, Estep, as a judicial officer, is not governed by an order of the Commissioners regarding her hiring policies. The peremptory writ shall issue concurrently with this opinion.

---

**2.** That statute provides that "the clerk of the district court and ex officio auditor and recorder shall be empowered by the board of county commissioners to appoint such deputies and clerical assistants as the business of [her] officer[ ] may require...."