THE STATE OF NEVADA, Ex Rel. AMY HARVEY, the Duly–Elected County Clerk of Washoe County and Ex Officio Court Clerk of the Second Judicial District Court, and AMY HARVEY in Her Official Capacity as Clerk of the Second Judicial District Court, Plaintiff/Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF WASHOE, and THE HONORABLE CHARLES M. McGEE, Chief Judge, Second Judicial District Court; THE HONORABLE BRENT T. ADAMS, District Judge, Second Judicial District Court; THE HONORABLE JANET J. BERRY, District Judge, Second Judicial District Court; THE HONORABLE PETER I. BREEN, District Judge, Second Judicial District Court; THE HONORABLE STEVEN P. ELLIOTT, District Judge, Second Judicial District Court; THE HONORABLE JAMES W. HARDESTY, District Judge, Second Judicial District Court; THE HONORABLE SCOTT JORDAN, District Judge, Second Judicial District Court; THE HONORABLE STEVEN R. KOSACH, District Judge, Second Judicial District Court; THE HONORABLE JEROME M. POLAHA, District Judge, Second Judicial District Court; THE HONORABLE DEBORAH SCHUMACHER, District Judge, Second Judicial District Court; and THE HONORABLE CONNIE J. STEINHEIMER, District Judge, Second Judicial District Court, Defendants/Respondents and Real Parties in Interest.

No. 35144

October 10, 2001                                    32 P.3d 1263

*Michael E. Langton,* Reno, for Petitioner.

*Frankie Sue Del Papa,* Attorney General, and *Thomas M. Patton,* First Assistant Attorney General, Carson City, for Respondents.

*Stewart L. Bell,* District Attorney, and *Janson F. Stewart,* Chief Deputy District Attorney, Clark County, for Amicus Curiae Shirley Parraguirre.

*Scott W. Doyle,* District Attorney, Douglas County, for Amicus Curiae Nevada Association of County Clerks.

# OPINION

By the Court, BECKER, J.:

This is an original proceeding by complaint and information in the nature of *quo warranto*. The complaint arises from a disagreement between the Washoe County Clerk, Amy Harvey, and the Second Judicial District Court over the District Court's assumption of the supervision and control of the court clerk's position.[1]

Harvey asserts that the county clerk is the sole person designated in the Nevada Constitution as responsible for performing the duties associated with the court clerk. According to Harvey, the District Court has usurped her position as *ex officio* court clerk of the District Court in violation of NRS 35.120. Harvey urges this court to oust the District Court from the court clerk position or, in the alternative, to prohibit the District Court from usurping her position.

The District Court contends that the office of the court clerk is a ministerial function of the judicial branch of government. According to its view, the Nevada Constitution's provisions relating to the county clerk's office do not prohibit a district court from supervising, controlling or operating the office of the district court clerk. Therefore, the District Court maintains that the duties of the court clerk can be assumed in whole or in part by a district court.

For the reasons stated below, we conclude that the District Court has not usurped the office of county clerk by assuming direct control over the functions of the court clerk. The office of the clerk of the district court is not a constitutional office. Rather, it is a ministerial office inherent to the judicial branch of government. Its sole purpose is to perform clerical and record-keeping functions necessary to the district court's operation. Its duties may be performed, in whole or in part, either by the county clerk pursuant to legislative enactment, or by the district court pursuant to court rule. Therefore, we conclude that the District Court has not usurped Harvey's authority, and we dismiss the complaint in *quo warranto*.

## FACTUAL BACKGROUND

The county clerk is an elected official who, under the Nevada Constitution, is also designated as the *ex officio* court clerk of his

---

[1]The Nevada Association of County Clerks and County Election Officials and Shirley Parraguirre, Clark County Clerk, filed amicus curiae briefs in this action.

or her district. Article 4, section 32 of the Nevada Constitution provides:

> The Legislature shall have power to increase, diminish, consolidate or abolish the following county officers: County Clerks, County Recorders, Auditors, Sheriffs, District Attorneys and Public Administrators. The Legislature shall provide for their election by the people, and fix by law their duties and compensation. County Clerks shall be ex-officio Clerks of the Courts of Record and of the Boards of County Commissioners in and for their respective counties.

Pursuant to its general authority to enact laws for the orderly administration of government and the public welfare, the legislature has assigned several record-keeping duties to the court clerk.[2] As well, district court clerks have numerous receipting and accounting duties assigned by the legislature, such as providing receipts for payments or processing bail funds.[3] These duties are illustrative, not exhaustive, of the court clerk's record-keeping and financial duties. In addition to the duties set forth in statutes, court clerks have duties assigned to them by the judiciary through court rules.[4]

Prior to 1974, the county clerk controlled and supervised the court clerk's functions in the Second Judicial District Court. In June of 1974, at the request of the District Court, the Washoe County Board of Commissioners adopted Washoe County Ordinance number 230 which established a ''Court Administrator'' position for the District Court. The Ordinance resulted from discussions between the Commissioners and the District Court regarding management of the court system, including the court clerk's functions. The Ordinance provided, in pertinent part:

> *Section 2.* The District Judges by majority action shall appoint upon the effective date of this amendatory ordinance a Court Administrator. (Amended by Bill 407, Item 75-89)

> *Section 3.* The Court Administrator shall, under the supervision and direction of the District Judges:

[2]*See, e.g.,* NRS 1.150 (duty to procure district court's seal); NRS 3.275 (court clerk's duty to obtain and keep information regarding the nature of civil actions); NRS 3.280 (court clerk to keep register of civil actions); NRS 3.290 and 3.295 (clerk to prepare a list of all district court matters standing submitted); NRS 3.305 and 3.307 (clerk to keep exhibits submitted to the district court).

[3]*See, e.g.,* NRS 3.270 (giving a receipt for and paying over to the county treasurer all payments made to the district court); NRS 31.670 and 31.690 (accepting and refunding bail deposits).

[4]*See, e.g.,* NRAP 3(a)(1); NRAP 10(a)(1); and NRCP 77.

A. Prepare and submit budgets to the County Manager and the Board of County Commissioners necessary for the maintenance and operation of the judicial system and make recommendations in respect thereto.

B. Attend to such other matters as may be assigned by the District Judges.

The Ordinance also stated that employees performing duties of the office of the district court clerk were under the complete jurisdiction and control of the district judges. The Ordinance then provided for the transfer of thirty-two employees of the Washoe County Clerk's Office to the District Court as "exempt employees of the District Judges."

The Ordinance provided the mechanism for approving funds for a new court position as well as the change in the personnel classifications of persons working in the court clerk's office. The District Court, through its own internal actions, clarified its position regarding direct supervision and control of the court clerk's office.

Since 1974, District Court employees have performed virtually all of the court clerk responsibilities. The county clerk is still listed as the clerk of the District Court on official documents and reports, but apparently has no control over the operation of the court clerk's office or the individuals (designated as deputy court clerks) who handle the court clerk's duties. The county clerk has no say in the hiring, firing or disciplinary actions involving District Court employees assigned to the court clerk's functions.[5]

## DISCUSSION

Preliminarily, this court must decide whether an original proceeding in *quo warranto* or a petition for a writ of prohibition is the appropriate vehicle by which to challenge the District Court's alleged usurpation of Harvey's office. The Nevada Constitution grants this court the "power to issue writs of *mandamus, certiorari,* prohibition, *quo warranto,* and *habeas corpus.*"[6] NRS Chapter 35, entitled "Quo Warranto," includes a provision that specifically relates to alleged usurpation of public offices:

A person claiming to be entitled to a public office . . . unlawfully held and exercised by another may, by himself or by an attorney and counselor at law, bring an

---

[5]As this is an original action in *quo warranto,* the parties were permitted to present evidence in the form of various documents to this court.

[6]Nev. Const. art. 6, § 4.

action therefor in the name of the state, as provided in this chapter.[7]

Harvey argues that her position is a public office and she is therefore entitled to bring this action in *quo warranto* in the name of the state. We agree that she is entitled to bring this action under NRS 35.050 and we have chosen to treat this matter as an original complaint in *quo warranto,* not as a petition for a writ of prohibition. We now turn to the merits of Harvey's complaint.

Harvey and amici curiae argue that the judicial branch is not permitted to interfere with the office of the county clerk, a part of the executive branch of government. Only the legislature may alter the office of the county clerk, because the Nevada Constitution provides the legislature with that authority. Harvey and the amici basically assert that the court clerk is a constitutional office. Therefore, the only way it can be changed is by the legislature pursuant to the constitution or by an amendment of the constitution itself. They assert that the court clerk is either a separate constitutional office that is held concurrently by the person elected to the office of county clerk, or that it is a part of the county clerk's office whose parameters are constitutionally set by the legislature.

The District Court argues that the office of court clerk is not a constitutional office. Rather, the District Court asserts the court clerk is a ministerial office of the judicial branch, subject to control and supervision by the court. Further, the District Court contends that designation of the county clerk, as *ex officio* court clerk in the constitution, was a matter of convenience when state government was formed and that the court clerk has always been a judicial office. According to the District Court, since the court clerk is not a constitutional office, a district court is not prohibited from assuming control over the operation of the district court clerk's office. The District Court notes that a district court has the inherent authority to supervise its own operations and maintains that the court clerk's functions are an essential part of the district court. Therefore, under the District Court's reasoning, whenever a district court determines it would be in the best interests of the court to assume direct supervision and control over the employees and operation of the court clerk's office, it has the authority to make such a change through court action.

We conclude that the constitutional provision that establishes the county clerk as the *ex officio* court clerk does not make the court clerk a constitutional office. The county clerk or the district court, at the district court's discretion, may perform the duties of the court clerk. Moreover, when the county clerk is acting as the

---

[7]NRS 35.050.

*ex officio* court clerk, the county clerk is a part of the judicial branch of government and subject to the ultimate supervision and direction of the judicial branch.

## I. *Historical perspective*

We begin our analysis by reviewing the history of the inclusion of the "*ex officio* court clerk" language in the constitution. Prior to statehood, the Nevada territory had three types of county courts: district courts, probate courts, and justice courts.[8] The county clerk, an elected office, served as the clerk of the probate courts.[9] However, the judge or judges of the district courts appointed the clerk of the district court.[10] We are unable to determine how the clerks of the justice courts were selected.

When the citizens of the territory attempted to draft a constitution in 1863, they did not use the territorial statutes as a basis for developing the constitution. Rather, they used the California Constitution as the starting point.[11] Consequently, Nevada's first constitutional draft, written in 1863, was significantly based on the 1849 California Constitution, as amended in 1862.[12]

The 1849 California Constitution created the office of county clerk in article VI, entitled "Judicial Department." Article VI, section 7 provided:

> The Legislature shall provide for the election, by the people, of a Clerk of the Supreme Court, and County Clerks, District Attorneys, Sheriffs, Coroners, and other necessary officers; and shall fix by law their duties and compensation. County Clerks shall be, *ex officio,* clerks of the District Court in and for their respective counties.[13]

Similarly, Nevada's 1863 constitutional draft provided in pertinent part:

> The Legislature shall provide for the election by the people, of a Clerk of the Supreme Court, County Clerks, County Recorders, District Attorneys, Sheriffs, Public Administrators, and other necessary officers; and fix, by law, their

---

[8]John P. O'Brien, *History of the Bench and Bar of Nevada* 13 (1913).

[9]An Act Creating Offices in the Territory of Nevada, 1861 Nev. Terr. Laws, ch. 89, § 1, at 212.

[10]An Act to Organize the Territory of Nevada, 36th Congress, 12 Stat. 209, ch. 83, § 9 (1861).

[11]Andrew J. Marsh, *Official Report of the Debates and Proceedings in the Constitutional Convention of the State of Nevada, Assembled at Carson City, July 4, 1864, to Form a Constitution and State Government* 16-24 (1866).

[12]*Id.*

[13]*See generally* 10 Cal. Jur. 2d *Clerks of Court* § 2 (1953).

> duties and compensation . . . . County Clerks shall be *ex officio* Clerks of the Courts of Record in their respective counties.[14]

As illustrated above, Nevada's draft mirrored California's language. Like California, Nevada initially placed its provision in the judicial article of its constitution.[15] However, on the 31st day of the constitutional convention, the county clerk provision was transferred, without comment, to the legislative article of the Nevada Constitution.[16]

At the constitutional convention, delegates debated various amendments to the county clerk position, but spent little time discussing or debating the office of the court clerk. The delegates' primary reason for permitting the court clerk duties to be performed by the office of the county clerk involved a desire to save money. The delegates recognized that someone needed to perform the ministerial functions inherent in the operation of a court, but they wanted to avoid the unwarranted expense of establishing a separate office.[17] By default, the county clerk was assigned to perform the duties of the court clerk since the district courts rarely had any kind of paid staff, permanent facilities or structure for performing the clerical functions of the court.

Although the proposed constitution of 1863 was never ratified, the 1864 draft had the same county clerk language as the draft from 1863. Records from the debates from 1864 are scarce and provide no further insight on the rationale of assigning the court clerk duties to the county clerks.

Pursuant to the constitution of 1864, in the second state legislative session (1866), the legislature enacted laws establishing certain offices. The county clerk's office statute mimicked the constitution's language: "For each county, one County Clerk, who shall be *ex officio* Clerk of the Board of County Commissioners, and also Clerk of the District Court of his county."[18] This statute, now NRS 246.060, has changed very little since its inception.

From the time that Nevada became a state, with the exception of the actions of the District Court in 1974, the county clerks have performed the district court clerk's duties. Although, from time

---

[14]*See* Andrew J. Marsh & Samuel L. Clemens, *Reports of the 1863 Constitutional Convention of the Territory of Nevada* 217 (1971) [hereinafter *Reports of the 1863 Constitutional Convention*].

[15]*See Report of the Debates, supra* note 11, at 16.

[16]*Id.* at 16.

[17]*See, e.g., Reports of the 1863 Constitutional Convention, supra* note 14, at 239, 242.

[18]An Act Relating to Officers, 1866 Nev. Stat. 231, ch. 108, § 1.

to time, periods of tension have existed between a given county clerk and a district court over the operation of the court clerk's office, for the most part, the relationship between the county clerks and the district courts has been one of cooperation and collaboration. Thus, the issue of who has the ultimate authority over the court clerk has never been decided.

## II.  Is the district court clerk a constitutional office?

The constitutional debates do not definitely answer our questions about the framers' intent in making the county clerk the *ex officio* court clerk. While they suggest that the framers did not intend that the court clerk position be a separate constitutional office and that the *"ex officio"* language was a product of convenience and economics, the debates reflect no express statement to this effect. Thus, we must turn to the rules of constitutional construction to determine whether the district court clerk is a constitutional office.

We recently recognized that the rules of statutory construction apply when we interpret constitutional provisions.[19] "[W]hen a statute is derived from a sister state, it is presumably adopted with the construction given it by the highest court of the sister state."[20] Thus, since Nevada relied upon the California Constitution as a basis for developing the Nevada Constitution, it is appropriate for us to look to the California Supreme Court's interpretation of the *ex officio* language in the California Constitution.

The California Constitution has been amended several times since it was used in the drafting of the Nevada Constitution. While the provision dealing with the county clerk as an *ex officio* court clerk remains, the language allowing the legislature to "increase, diminish, consolidate or abolish" the county clerk's office has been deleted. In 1989, the California Supreme Court reviewed its constitutional provisions regarding the role of the court clerk in *Zumwalt v. Superior Court (Pierce)*.[21] At the time that *Zumwalt* was decided, article VI, section 4 of the California Constitution, only provided that: "The county clerk is *ex officio* clerk of the superior court in the county."

In *Zumwalt,* the county clerk of San Diego challenged a county rule that transferred certain court-related duties, and the civil

---

[19]*Rogers v. Heller,* 117 Nev. 169, 176 n.17, 18 P.3d 1034, 1038 n.17 (2001).

[20]*Clark v. Lubritz,* 113 Nev. 1089, 1096-97 n.6, 944 P.2d 861, 865 n.6 (1997) (citing *Craigo v. Circus-Circus Enterprises,* 106 Nev. 1, 3, 786 P.2d 22, 23 (1990)).

[21]776 P.2d 247 (Cal. 1989).

sevice employees who perform them, from the county clerk's control to that of a superior court executive officer. The California high court concluded that the powers and duties of the county clerk were solely statutory and that the rule was valid because the statutes authorized such action.[22] The court further concluded that the authorizing statutes were not unconstitutional. In essence, the California court held that the *"ex officio"* language was included in the California Constitution to authorize the legislature to assign judicial branch duties to a member of the executive branch, but that the language did not require the legislature to take such action.

Moreover, the court concluded that, "the office [of county clerk] had no inherent, constitutionally vested or conferred powers or duties."[23] The court then held that the legislature was not prohibited from assigning court-related duties to officers and employees of the court rather than the county clerk.[24] In addition, the court concluded that the constitution did not "identify, or create a right in [the county clerk] to perform any court-related function by virtue of his office alone."[25]

Thus the *Zumwalt* court concluded that the purpose of the *ex officio* language was to establish the legislature's ability to require the county clerk to act as the court clerk, but it did not confer any constitutional right in the county clerk to perform the duties of the court clerk. Although the *Zumwalt* court declined to address whether the county clerk or court clerk is a constitutional office, we find its interpretation of the *ex officio* language to be helpful in resolving this issue in Nevada.

We agree with *Zumwalt* that the county clerk has no constitutional right to perform the duties of the court clerk. From this conclusion, the logical inference is that the court clerk is not a constitutional office. Otherwise, the legislature could not authorize the courts to assume the court clerk functions through local rules. It is a well-established principle of constitutional law that legislatures may only change the nature of a constitutional office if they are empowered with such authority by the constitution itself.[26]

Harvey and the amici curiae argue that this court should not rely upon *Zumwalt* in determining whether or not the district

---

[22]*Id.* at 249.

[23]*Id.* at 250.

[24]*Id.* at 255.

[25]*Id.* at 255.

[26]*See Love v. Baehr,* 47 Cal. 364 (1874); *People v. Bollam,* 54 N.E. 1032 (Ill. 1899); *Koch v. Mayor,* 46 N.E. 170 (N.Y. 1897).

court clerk is a constitutional office. Instead they argue that the Nevada case of *State v. Douglass*[27] is controlling. We disagree.

*Douglass* involved the status of the supreme court clerk in light of a constitutional change and legislative action taken pursuant to that change. The Nevada Constitution was amended in 1889 to abolish the language establishing the clerk of the supreme court as a separate elected position. Subsequently, the legislature enacted statutes that assigned the duties of the clerk of the supreme court to the secretary of state's office. An individual claimed that the amendment did not affect the constitutional status of the supreme court clerk's office, merely the manner in which that office would be filled. This court agreed and reiterated the general rule that:

> Every constitutional officer derives his power and authority from the constitution, the same as the legislature does, and the legislature, in the absence of express constitutional authority, is as powerless to add to a constitutional office duties foreign to that office, as it is to take away duties that naturally belong to it . . . .

> It is well settled by the courts that the legislature, in the absence of special authorization in the constitution, is without power to abolish a constitutional office or to change, alter, or modify its constitutional powers and functions.[28]

However, as later case law points out, the decision in *Douglass* actually involved our court concluding that the supreme court clerk was still a constitutional office because it was referenced in other provisions of the constitution:

> [A]lthough a constitutional amendment deleted that portion of the section which required the election of a clerk of the supreme court, it did not deprive the office of its constitutional status because the constitution still was left with provisions having to do with important functions of that office, including the provision (Art. XV, Sec. 8) requiring the opinions of this court to be filed with the clerk.[29]

While we question the validity of this conclusion, it is still distinguishable from the current dispute. The *Douglass* court based its conclusion upon the existence of other constitutional provisions dealing with the supreme court clerk. No such provisions exist

---

[27]33 Nev. 82, 110 P. 177 (1910).

[28]*Id.* at 92-93, 110 P. at 180.

[29]*Shamberger v. Ferrari,* 73 Nev. 201, 206, 314 P.2d 384, 386 (1957).

with respect to the clerk of the district courts. We conclude, therefore, that the mere mention of the office of court clerk in article 4, section 32 of the Nevada Constitution does not render it a constitutional office. Further, we overrule any implication in *Douglass* that suggests that the constitution's reference to a position automatically renders that position a constitutional office. We find *Zumwalt's* analysis of the *ex officio* language to be persuasive and conclude that the *ex officio* phrase permits, but does not require, the county clerk to perform the duties of the district court clerk. Moreover, based upon our review of the constitutional debates, and the analysis of the California Constitution contained in *Zumwalt,* we further conclude that the court clerk is not a constitutional office under Nevada law.

### III. *Court clerk and the judicial branch*

Since we conclude that the office of district court clerk is not a constitutional office, we must next determine whether the duties of the court clerk are a function of the executive, legislative or judicial branch of government. As with most states, under the constitution, the government of the State of Nevada is divided into three separate branches:

> 1. The powers of the Government of the State of Nevada shall be divided into three separate departments,–the Legislative,–the Executive and the Judicial; and no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others, except in the cases expressly directed or permitted in this constitution.[30]

Harvey argues that the court clerk's duties are a part of the legislative department because article 4, section 32 is contained in the portion of the Nevada Constitution dealing with the legislative branch. Alternatively, Harvey asserts that the county clerk is a member of the executive branch, so the court clerk is also a member of the executive branch because the county clerk is the *ex officio* court clerk.

Harvey also argues that regardless of whether the court clerk is part of the legislative or executive departments, the constitution authorizes the legislature to exercise control over the office of the county clerk and therefore over the court clerk personally. Harvey points out that changes in the county clerk's office cannot be accomplished through court rule or local ordinance because there is no express constitutional provision granting the judicial department the right to exercise any of the functions of the executive or legislative branches. Therefore, according to Harvey, the judiciary

---

[30]Nev. Const. art. 3, § 1(1).

has no direct authority over the county clerk and the court clerk, and the assertion of such authority violates the separation of powers doctrine.

We are not persuaded by Harvey's argument that the placement of the "*ex officio* court clerk" language in the legislative section of the Nevada Constitution precludes the court clerk from being a part of the judicial branch of government. Historically, the position of court clerk has always been recognized as a ministerial function of a judicial system.[31]

Further, our common law has consistently referred to a court clerk as one whose duties are ministerial in nature.[32] Indeed this court has repeatedly referred to court clerks as ministerial officers.[33] We have recognized that a clerk of court has a ministerial duty to accept and file documents that are in proper form and must not exercise any judicial discretion.[34] A court clerk also acts in a ministerial capacity in entering a default.[35] Finally, "the power the court exercises is not subject to defeat by any ministerial act or omission of the clerk.'"[36]

We have always implicitly recognized that the court clerk is part of the judicial branch of government.

As we have already noted, the assignment of the court clerk's duties to the county clerk was a matter of chance. There is nothing in the history of the constitutional convention to indicate that the court clerk was considered to be anything but a function of the judicial branch.

Our sister states agree with this conclusion. Many other states have constitutional provisions that assign the duties of a local court clerk to an officer of a local political subdivision, such as a county clerk. Although some have agreed with the dissent that the clerk functions could not be transferred from the local officer to the local court, all of the courts have concluded that the clerk of a court is a judicial office.[37] Moreover, because the clerk of the

[31]5 R.L.C., Clerks of Courts § 1, 620 (1929).

[32]*See Sullivan v. District Court,* 111 Nev. 1367, 904 P.2d 1039 (1995); *Bowman v. District Court,* 102 Nev. 474, 728 P.2d 433 (1986).

[33]*See State v. Glass,* 44 Nev. 235, 242, 192 P. 472, 473 (1920); *Bowman,* 102 Nev. at 478, 728 P.2d at 435.

[34]*See Bowman,* 102 Nev. at 478, 728 P.2d at 435.

[35]*See Iveson v. District Court,* 66 Nev. 145, 152, 206 P.2d 755, 759 (1949) (citing *Price v. Brimacombe,* 58 Nev. 156, 72 P.2d 1107, 75 P.2d 734 (1937)).

[36]*Id.*

[37]*See Petuskey v. Cannon,* 742 P.2d 1117, 1121 (Okla. 1987) (clerk is "ultimately connected to the existence, dignity and function of the judiciary"); *Estep v. Commissioners of Boundary County,* 834 P.2d 862, 864

court is a judicial office, courts have further held that even when the court clerk functions reside in a separate local official, that official is subject to the direction and control of the judges and the courts that he or she serves.[38]

For instance, in *Rutledge v. Workman,*[39] the West Virginia Supreme Court held that the circuit clerk, although elected by the voters, was subject to the control and direction of the chief circuit judge of the circuit court. The court further held that "decision[s] to hire, fire, promote, demote, or transfer any and all personnel in the office of the circuit clerk that have any responsibility whatsoever within the judicial system must be made with that obligation firmly in mind."[40] Therefore, *Rutledge* concluded that the judges retained control over their clerks and the clerks are fully answerable to the judicial system.[41]

The court clerk's office is not a part of the executive or legislative branches of government. Universally, these kinds of constitutional provisions have not changed the nature of the court clerk's office. The court clerk is a judicial office, and the court has inherent and constitutional authority to administer the judicial system. Thus, the assumption by a district court of the operation of the court clerk's office does not violate the separation of powers doctrine of the Nevada Constitution.

---

(Idaho 1992) ("the clerk of the district court is a judicial official"); *Olmsted v. Meahl,* 114 N.E. 393, 395 (N.Y. 1916) ("'[A] county clerk, when actually engaged as a clerk of the courts, and his special deputies acting in his behalf as such court clerks are part of the judicial system of the state").

[38]*See Rutledge v. Workman,* 332 S.E.2d 831 (W. Va. 1985) (circuit judges retain control over their clerks and such clerks are fully answerable to the judicial system); *Smith v. Perkins,* 102 N.W. 971, 971 (Mich. 1905) (County Clerk, as circuit court clerk of such county, is subject to "all the legitimate orders of the court of which he is clerk"); *State v. Le Fevre,* 41 N.W. 184, 184 (Neb. 1888) ("The clerks of the various courts are under the control and direction of the courts of which they are such clerks . . . ."); *see also Bergerman v. Byrnes,* 114 N.Y.S. 2d 416, 420 (N.Y. Spec. Term 1952) ("'[A]t common law in England and since the creation of earliest colonial courts, the clerk of a court was an integral part of the court itself and was an invaluable aid to the discharge of judicial duties."); *Nation v. Nation,* 404 So. 2d 394, 375 (Fla. Dist. Ct. App. 1981) ("'[I]n all matters in which the court clerk acts as such clerk, he acts on behalf of the court and the court has the inherent power and duty to review and oversee its clerk's administrative and ministerial acts. . . .'"); *Crooks v. Maynard,* 732 P.2d 281, 284 (Idaho 1987) (office of district court clerk, created in article of constitution that created judicial branch, is in fact part of the judicial branch).

[39]332 S.E.2d 831, 836.

[40]*Id.* at 836-37.

[41]*Id.* at 835.

## IV. *Assignment of court clerk duties*

The amici take a slightly different approach to this issue. They generally concede that the clerk of the district court is a ministerial function of the judicial branch subject to general supervision by the courts. However, they assert that, under the language of article 4, section 32, of the Nevada Constitution only the legislature can designate who shall perform the court clerk's responsibilities.

Specifically, the amici argue that since the constitution gives the legislature authority "to increase, diminish, consolidate or abolish" the office of county clerk, it prohibits changes to the county clerk's office by any entity other than the legislature. According to the amici, since the county clerk is the *ex officio* court clerk, the court clerk duties are a part of the office of the county clerk. Therefore, amici contend that the legislature is the only body authorized to determine who can perform the duties of the court clerk. This is also the position of the dissent.

In support of their position, the amici cite to language in *Zumwalt* holding that the California Legislature had the power to reassign the duties of the court clerk from the county clerk to the county court under the California Constitution. Because the legislature had the power to change the county clerk's office, it also had the authority to permit the courts to accomplish such a change through court rule.

The amici maintain that the District Court and Washoe County could not shift the court clerk responsibilities from the county clerk because the Nevada Legislature has not delegated such authority to the courts as did the California Legislature in *Zumwalt*. The actions of the District Court are, according to them, an impermissible interference with the county clerk's office. We disagree. While it is true that the California Supreme Court relied upon the California statute in resolving *Zumwalt*, the court never addressed the issue before us. *Zumwalt* dealt only with the validity of the California statute, not whether a court is prohibited by constitutional language from assuming direct supervision and control of the court clerk's office.

We have already determined that the court clerk is not a constitutional office. Further, we have also concluded that the mere fact that the Nevada Constitution does not divide the county clerk and court clerk language into separate legislative and judicial articles does not indicate an intent to prohibit the courts from assuming direct control over the performance of the duties of the court clerk. Finally, we have concluded, as did the court in *Zumwalt*, that the court clerk's duties are not inherent to or a part of the office of the county clerk.

The Nevada Constitution was designed to promote and preserve the fundamental concept of three independent branches of government. It specifically provides for an independent judiciary. These provisions would be seriously undermined if the judiciary were prohibited, under any circumstance, from exercising direct control over the personnel who were performing vital and essential court functions. Indeed, the amici concede that the county clerk, acting as court clerk, must take direction from the court and, if there is a dispute between the two, the court has the ultimate word.

If the language of the constitution is read to prohibit the courts from operating their clerk's offices, then the legislature would be free to abolish the court clerk's functions by abolishing the county clerk's office. Such an action, if permitted, would seriously impair the operations of the judicial department. Under the theory espoused by Harvey, the amici, and to some extent, the dissent, the courts might have to seek a constitutional amendment to assume control over the court clerk's functions.

If the constitutional convention intended that only the county clerk would have the authority to perform the duties of the court clerk, the drafters could simply have said the county clerk is the district court clerk. Instead, they used the language *"ex officio."* It is the use of this phrase that creates ambiguity in the constitution. Where a phrase is ambiguous, the plain meaning rule of statutory construction has no application.[42] Moreover, when a statute is ambiguous, the intent of the drafters becomes the controlling factor in statutory interpretation.[43] Finally, when we interpret an ambiguous statute, we construe it " 'in line with what reason and public policy would indicate the legislature intended.' "[44]

There is no indication that the authors of the Nevada Constitution ever intended to prohibit district courts from exercising direct control over the court clerk's office. Instead, we conclude that the language giving the legislature authority over certain county offices was created solely as a mechanism for permitting the counties to perform certain executive functions, such as the prosecution of criminal actions, through a county office, rather than a state officer. In addition, the language made it clear that

[42]*Thompson v. District Court,* 100 Nev. 352, 354, 683 P.2d 17, 19 (1984).

[43]*Cleghorn v. Hess,* 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993).

[44]*McKay v. Bd. of Supervisors,* 102 Nev. 644, 649, 730 P.2d 438, 442 (1986) (quoting *Robert E. v. Justice Court,* 99 Nev. 443, 445, 664 P.2d 957, 959 (1983)).

the local offices were entirely a creature of the legislature and could be altered or abolished at any time by legislative act.

We note, however, that there may be limitations on a district court's assumption, in its entirety, of the operation of the court clerk's office. While a district court may generally have the ability to assert direct control over the court clerk's office, it is prohibited from expending funds if doing so unduly impinges upon the legislative and executive branches. In some counties, there may be insufficient work to support both a full-time court clerk and a full-time county clerk. Under such circumstances, a district court must consider whether it can require the county to expend the additional funds necessary to accomplish the separation of the court clerk from the county clerk.[45] The court may also need to consider management and employee relations.[46] Separating all or a part of the court clerk's office from the office of the county clerk is an enormous undertaking with serious consequences. It should not be taken unless a court deems it essential to the operation of the court.

## V. Assignment of responsibilities

We cannot determine from the evidence presented to us the current division of responsibility for the performance of the court clerk's duties between Harvey and the District Court. It appears that Harvey has no authority over any court clerk functions and has been allocated to a figurehead position. If the District Court has assumed all of the responsibilities for the operation of the clerk's office, then Harvey is no longer the court clerk and she should not be executing documents or reports in that capacity.

In this circumstance, the District Court must designate by rule what position is now the administrative head of the clerk's office. As noted in *Zumwalt,* the person who occupies that position would then be the "clerk of the court" for the purpose of carrying out statutory duties and executing documents.[47]

If the District Court has assumed control over only a part of the operations of the clerk's office, then Harvey remains the offi-

---

[45]*Angell v. District Court,* 108 Nev. 923, 926, 839 P.2d 1329, 1331 (1992) (citing *Sun Realty v. District Court,* 91 Nev. 774, 776, 542 P.2d 1072, 1073 (1975)) (stating that a court should exercise its inherent power to require the expenditure of funds to perform its functions with discernment and circumspection); *State v. Davis,* 26 Nev. 373, 68 P. 689 (1902).

[46]*Service Employees Internat. Union v. Superior Court,* 208 Cal. Rptr. 48 (Ct. App. 1984).

[47]*Zumwalt,* 776 P.2d at 253-54.

cial court clerk and the District Court needs to clarify by rule, as do the statutes and rules in California,[48] exactly what court clerk functions and personnel are under Harvey's direct control and which are under the District Court's direct control.

## VI. *Conclusion*

We conclude that the designation of the county clerk as *ex officio* clerk of the district court reflects nothing more than an effort by the constitution's drafters to increase efficiency by allowing the county clerk to perform court-related duties. Therefore, we find no inherent, inalienable, or unbridled right of the county clerks to perform the office of court clerk without direction from the courts in their districts. Rather, we conclude that the district courts have the authority to supervise the county clerks when they are acting in the capacity of court clerk. When acting as court clerk, the county clerk is performing duties for the judicial system and is an arm of the court. "It is entirely contrary to the centralized, hierarchial, and well organized structure of the state judiciary for the court clerk to be a 'loose cannon sliding around on the county's judicial deck.' "[49]

A district court may exercise control over the court clerk's office either directly, by assuming all or part of the court clerk's functions, or indirectly, by supervising the county clerk in the performance of his or her duties as the *ex officio* court clerk. Therefore, the District Court has not usurped the office of the County Clerk in Washoe County. Accordingly, this action for *quo warranto* is dismissed.

SHEARING, AGOSTI and ROSE, JJ., concur.

MAUPIN, C. J., concurring:

I agree with the result reached by the majority. I would only underscore the fact that the state constitution designates the county clerks of this state as *"ex officio"* clerks of their respective district courts. This provision in no way vests county clerks with authority to preempt any regulatory measures taken by any district court with regard to the operation of the court system, including those touching upon the duties of the court clerk. In the absence of a separate constitutional mandate giving the county clerks preemptive powers over various district courts, attempts by

[48]*Id.* at 248.

[49]*Petuskey,* 742 P.2d at 1121 (quoting *Rutledge,* 332 S.E.2d at 834).

a county clerk to co-opt the explicit and implicit power of the judiciary would improperly infringe upon the prerogatives of a separate branch of the state government.

LEAVITT, J., with whom YOUNG, J., agrees, dissenting:

I respectfully dissent because only the Nevada Legislature can change the duties of the office of County Clerk.

The Nevada Constitution provides:

> The Legislature shall have power to increase, diminish, consolidate or abolish the following county officers: County Clerks, County Recorders, Auditors, Sheriffs, District Attorneys and Public Administrators. The Legislature shall provide for their election by the people, and fix by law their duties and compensation. County Clerks shall be *ex-officio* Clerks of the Courts of Record and of the Boards of County Commissioners in and for their respective counties.[1]

In response to the constitutional mandate, the legislature has specifically named the county clerk as the clerk of the district court.[2] Additionally, the legislature has set forth the duties of the county clerk as that position pertains to the district court.[3]

Counties are legislative subdivisions of the state and obtain their authority from the legislature.[4] Therefore:

> Whenever a legislature sees fit to adopt a general scheme for the regulation of a particular subject, local control over the same subject, through legislation, ceases. In determining whether the legislature intended to occupy a particular field to the exclusion of all local regulation, the Court may look to the whole purpose and scope of the legislative scheme.[5]

In this instance, preemption of this subject by the legislature is evidenced by the passage of legislation outlining the duties of county clerks throughout the state. The Nevada Constitution

---

[1]Nev. Const. art. 4, § 32.

[2]NRS 3.250 states that "[t]he county clerk shall be clerk of the district court of his county." *See also* NRS 246.060(1) (stating that "[t]he county clerk shall be ex officio clerk of the board of county commissioners, and also clerk of the district court of his county").

[3]NRS 3.250 to 3.307, inclusive.

[4]Nevada Constitution article 4, section 25 reads: "The Legislature shall establish a system of County and Township Government which shall be uniform throughout the State." *See also Falcke v. Douglas County,* 116 Nev. 583, 3 P.3d 661 (2000).

[5]*Lamb v. Mirin,* 90 Nev. 329, 332, 526 P.2d 80, 82 (1974) (citation omitted); *accord Crowley v. Duffrin,* 109 Nev. 597, 605, 855 P.2d 536, 541 (1993).

requires that all county government "shall be uniform throughout the State."[6] Likewise, the constitution requires that all laws in the state must be "general and of uniform operation throughout the State."[7] Therefore, I disagree that one county in the state should be able to change the duties of the county clerk in a manner that not only has ramifications throughout the state, but is also in clear violation of our constitution.

The majority recognizes certain ramifications in that some counties may not have sufficient work for both a county clerk and a court clerk and additional funds would be necessary to accomplish the separation of the county clerk from the court clerk. Additionally, some district courts have multi-county jurisdiction, which would require court clerks for each county within the district. The majority concedes that separating all or part of the court clerk's office from the office of the county clerk is "an enormous undertaking with serious consequences" and "should not be taken unless a court deems it essential to the operation of the court." This decision should be left to the legislative branch as stated by our state constitution, to be made only after public hearings and debate where additional consequences can be explored.

This court should exercise judicial restraint and recognize that it is the legislative branch of government that has been given the power under our state constitution to fix by law the duties of the county clerk.

Further, the majority's reliance on *Zumwalt v. Superior Court*[8] to justify its decision is misplaced. In *Zumwalt,* the County of San Diego transferred certain court-related duties, and the civil service employees who performed them, from the county clerk to an executive officer of the superior court.[9] This action was taken pursuant to a court rule that had been adopted as a result of enabling legislation passed by the California Legislature.[10] The California Supreme Court ruled that the duties of the county clerk were entrusted to the legislature under the California Constitution, and the statute authorizing the transfer and the court rule were valid.[11]

Unlike California, however, there is no enabling legislation in Nevada—only a county ordinance—to justify the intrusion on the duties of the office of the duly elected County Clerk of Washoe County. This ordinance is insufficient to support such an intrusion.

---

[6]Nev. Const. art. 4, § 25.

[7]*Id.* § 21.

[8]776 P.2d 247 (Cal. 1989).

[9]*See id.* at 251-52.

[10]*See id.*

[11]*See id.* at 249.

Accordingly, I would grant the petition and order this court's clerk to issue the writ.