## THE STATE OF NEVADA EX REL. CHARLES G. HUBBARD, v. JOHN D. GORIN.

TERMS OF OFFICE OF DISTRICT JUDGES. The Lincoln County Act, (Stats. 1867, 129) in so far as it provided that the district judge to be elected in 1868 should hold his office for two years from January 1st, 1869, did not violate the constitutional provision (Art. VI, Sec 5) as to terms of district judges.

TIME OF ELECTION OF DISTRICT JUDGES. The Constitution contemplates that the election of district judges throughout the States shall all occur at the same time; and it is competent for the legislature to provide that a judge to be elected at another time shall hold only till the time of such general election of judges, though it may not give him a full term of four years.

NOTICE OF ELECTION FOR FULL TERM NOT INDISPENSABLE. Where a full term of the office of district judge is to be filled, the failure to give notice of election (such as is required when a vacancy is to be filled) will not vitiate an election.

THIS was an original proceeding in the Supreme Court. It was instituted by the relator on behalf of Judge Fuller, and the petition was signed by the Attorney General. At the time of Judge Gorin's appointment, the County of Lincoln constituted the Ninth Judicial District; but it now constitutes the Seventh, and it was for a district judge of the Seventh Judicial District that the election of 1870 was held.

*Clarke & Wells* and *A. C. Ellis*, for Relator.

*J. S. Pitzer*, for Defendant.

By the Court, LEWIS, C. J.:

By section five of an Act adopted by the Legislature of 1867, it is provided that the County of Lincoln (which was created by the

same Act) should constitute the "Ninth Judicial District, and a judge thereof shall be appointed by the governor, who shall hold his office until his successor is elected and qualified; and he shall receive a salary of eighteen hundred dollars a year, payable out of the treasury of said county, *provided* that his successor shall hold his office two years from the first day of January, A.D., 1869, and shall receive an annual salary of three thousand dollars." Under this law, Charles A. Leake was elected to this judgeship, in November, A.D. 1868, and entered upon the duties of his office as provided in the section above quoted. In the month of August, A.D. 1870, he died, and the governor duly appointed the defendant, Gorin, to succeed him. At the general election held in November, A.D. 1870, Mortimer Fuller was elected to succeed Gorin, for the full term of four years. The defendant having refused to surrender the office, this proceeding is instituted to determine the right thereto.

Gorin places his right to retain the position upon the assumption that the election of Leake was for the full term of four years instead of two; the law so far as it limited it to two years being in conflict with section five, article six of the Constitution, which declares among other things that "The district judges shall be elected by the qualified electors of their respective districts, and shall hold office for the term of four years (excepting those elected at the first election) from and including the first Monday of January next succeeding their election and qualification." By this authority it is claimed the restriction of Leake's term of office to two years was illegal, and consequently that his election was for a full term.

Assuming such to be the case, it is admitted the election in November, A.D. 1870, could only be for the residue of Leake's term, under another section of the Constitution concerning the filling of vacancies, which is as follows: "In case the office of any Justice of the Supreme Court, District Judge, or other State officer, shall become vacant before the expiration of the regular term for which he was elected, the vacancy may be filled by appointment by the Governor, until it shall be supplied by the next general election, when it shall be filled for the residue of the unexpired term."

But it is argued, if Fuller was elected simply to fill the unexpired

term of Leake, notice should have been given to the electors that such office was to be filled, as required by the election law. This not having been given, the conclusion arrived at is that his election was void. This, in brief, is the position taken by Gorin.

We find it entirely unnecessary to decide whether, if Fuller were in fact elected to fill a vacancy, a failure to give the required notice would vitiate it; for we have concluded that the Act of 1867, limiting the term of the first incumbent by election to two years was constitutional, and hence that Fuller was regularly elected, not to fill a vacancy, but a full term of four years. This conclusion we arrive at in this manner.

Section five, which declares that District Judges elected, etc. " shall hold office for the term of four years," simply means that four years shall be the regular full term of the district judgeship of this State. By the literal language of the Constitution, it is made incumbent upon every person elected to the judgeship to continue in the office for the period of four years. It will certainly not be claimed that any such construction is to be placed upon the clause in question, and the only other which can be placed upon it, is that it fixes the term of the office, and not of the officer. Nor does the election of a person to the office of judge necessarily fix the beginning of a four years term; for that may be, by the section quoted concerning the filling of vacancies, an election for a fractional part of a term. And it is from the reason which gave rise to this latter section, that we find a solution of this case. What, then, was the object sought to be accomplished by the provision limiting the election of judge, when a vacancy has occurred, to the residue of the unexpired term? A vacancy having happened, why not at the first opportunity allow the people to fill the office for the full term of four years? Manifestly, we think, because it was deemed desirable to have the election of these judges occur at the same time throughout the State, to prevent the expiration of one term at one time and another at another time. The beginning of the first term of office is definitely fixed in the Constitution, and it is provided that general elections shall recur every four years thereafter. Then it is evident that the term of office of all judicial districts formed by the Constitution itself, must inevitably and always begin

and expire at the same election. This result cannot possibly be avoided. The consequence or result naturally and necessarily flowing from any clause or section of the Constitution, it is fair to presume, was intended by the framers of that instrument. Can any other conclusion be arrived at, than that the thing so completely accomplished was intended? Certainly not. And what was intended, respecting the judicial districts created by the Constitution itself, may with equal reason be said to have been intended respecting all districts afterwards created; the section limiting the election of a person to a vacant term having reference to all terms, whether in districts created by the Constitution or otherwise. If it be the object of the Constitution to have the election of district judges for the regular term throughout the State occur at the same time, may not the Legislature, when it creates a new judicial district, provide for filling the office until the recurring of the general election, at which all the other judges are required to be elected? We think it can; for if interpreted by the light of this purpose sought to be effected by the Constitution, the term of office fixed at four years by the section quoted means, and can only mean, the regular term beginning at the general election of judges throughout the State. Thus, the Act of the Legislature effects the object of the Constitution, and is not in conflict with the section fixing the term of the judgeship at four years; as it simply provides for a special filling of the office until the general election for district judges throughout the State, at which time, under the general election law, it would naturally be filled by an election for the full term.

By this construction, what seems to us a very clear purpose of the framers of the Constitution is fully carried out, namely: the election of all the district judges throughout the State for the regular term at the same time, and also at the election of the State officers generally. (See, as fully sustaining our views, *Jackson* v. *Emerson*, 39 Missouri; *Smith* v. *Halfacre*, 6 Howard Miss. Rep. 582.)

The election of Fuller, then, was not to fill a vacancy, but for a full term. It follows, therefore, that a failure to give notice, as required when a vacancy is to be filled, could not affect his election;

the law itself in such cases being sufficient notice of all the offices to be filled.

The person on whose behalf this application is made being legally elected, is entitled to the office. Judgment of ouster must be entered against defendant.