OPINION
 

 By the Court, Hardesty, J.:
 

 In this opinion, we consider the extent to which a firefighter who retires and, thereafter, suffers a heart attack, is entitled to temporary total disability benefits. Although Nevada law is clear that retired firefighters who sustain a disability post-retirement are entitled to medical benefits,
 
 [1]
 
 we conclude that the Legislature’s method for calculating compensation precludes an award for temporary total disability benefits when the retired firefighters are not earning wages at the time of the disability.
 

 FACTS AND PROCEDURAL HISTORY
 

 Appellant Oscar Howard was employed continuously for over twenty-five years with the Las Vegas Fire Department. Eight years after Howard retired, he suffered a heart attack and filed a claim for temporary total disability benefits with the respondent City of Las Vegas (the city). After the city denied his claim, Howard filed an administrative appeal. The appeals officer affirmed the denial of disability benefits, concluding that since Howard was retired at the time of the heart attack, he was not actually incapacitated from any employment and had no calculable average monthly wage.
 

 In a subsequent petition for judicial review, the district court affirmed the appeals officer’s decision. Howard appeals.
 

 
 *693
 

 DISCUSSION
 

 This court’s scope of review of an administrative decision is the same as that of the district court. Generally, we are limited to determining, based on the record, whether the administrative body abused its discretion.
 
 [2]
 
 Questions of law, however, we review de novo.
 
 [3]
 

 NRS 617.457(1) creates a conclusive presumption that heart disease in firefighters who are employed for five or more years in a “continuous, uninterrupted and salaried” position is an occupational disease arising out of and in the course of employment. In
 
 Gallagher v. City of Las Vegas,
 
 we held that NRS 617.457(l)’s conclusive presumption applies even when the heart disease is not discovered until after a firefighter has retired.
 
 [4]
 
 Consequently, we stated that firefighters with heart diseases are “entitled to occupational disease benefits as a matter of law.”
 
 [5]
 

 Howard was employed in a continuous, uninterrupted and salaried firefighter position for more than five years. Accordingly, the law entitles him to NRS 617.457’s conclusive presumption that his heart condition is an occupational disease arising out of and in the course of his employment. While he is entitled to medical benefits, we must, however, conclude that this entitlement does not extend to temporary total disability benefits because of the Legislature’s method for calculating the average monthly wage.
 

 Temporary total disability benefits are paid at the rate of sixty-six and two-thirds percent of the claimants’ average monthly wage.
 
 [6]
 
 NRS 617.420 requires that disability compensation be computed starting on the date of disability, providing:
 

 No compensation may be paid under this chapter for disability which does not incapacitate the employee for at least 5 cumulative days within a 20-day period from earning full wages, but if the incapacity extends for 5 or more days within a 20-day period, the compensation must then be computed from the date of disability. The limitations in this section do not apply to medical benefits, which must be paid from the date of application for payment of medical benefits.
 

 
 *694
 
 In
 
 Mirage v. State, Department of Administration,
 

 [7]
 

 we held that an employee becomes eligible for temporary total disability benefits on the date the employee is unable to continue working because of an occupational disease. The employee’s average monthly wage for purposes of calculating occupational disease benefits is based on the applicable employment period preceding the date of the disablement. Further, NRS 617.420 precludes a claimant from receiving disability compensation for an occupational disease if the claimant has not actually been incapacitated from earning wages for at least five cumulative days in a twenty-day period.
 

 Thus, under NRS 617.420, when a retired claimant becomes eligible for occupational disease benefits, the claimant is entitled to receive medical benefits but may not receive any disability compensation if the claimant is not earning any wages. This is so for two reasons. First, retirement benefits are not included in NRS 617.050’s definition of “compensation.” And no other provision suggests that retirement benefits should be included within the meaning of wages.
 
 [8]
 

 Second, a retiree usually has lost no salary due to the impairment. However, the claimant may lose money in the form of medical expenses attributable to the work-related disability; for these expenses, NRS 617.420 provides no prohibition. As we held in
 
 Gallagher,
 
 retired claimants will still be able to claim medical expenses, despite not being entitled to receive compensation based on lost wages.
 
 [9]
 

 We note that this approach has been followed in both California and New Hampshire. California statutorily defines the terms “salary” and “wage or salary” to exclude “health benefits, retirement benefits, life insurance, vacation time, sick leave, perquisites of all kinds, and reimbursement of expenses”
 
 [10]
 
 from the calculation of compensation. Thus, in California, a person’s retirement benefits are not to be included in a calculation of disability compensation.
 
 [11]
 

 
 *695
 
 The Supreme Court of New Hampshire has also indicated that when a person is voluntarily retired, retirement benefits are not included in a wage calculation for disability purposes. Therefore, a retired New Hampshire claimant, like a retired Nevada claimant, is effectively denied disability benefits because his weekly wage calculation amounts to zero.
 
 [12]
 

 Here, Howard’s heart disease first manifested itself in the form of a heart attack eight years after he retired from his employment as a firefighter. While under NRS 617.457(l)’s presumption, Howard’s heart attack was an occupational disease arising out of and in the course of his employment entitling him to occupational disease benefits, the date of disability under
 
 Mirage
 
 is the date of the heart attack. Therefore, the period immediately preceding the heart attack is the date from which we must calculate Howard’s disability benefits. Because Howard was retired and not earning an actual wage at the time of his disability, from which a lost wage may be calculated, he is not entitled to disability compensation in the form of lost wages.
 

 CONCLUSION
 

 For the forgoing reasons, we conclude that a retired firefighter’s entitlement to occupational disease benefits does not include compensation for temporary total disability benefits when the firefighter is not earning any wages. Accordingly, we affirm the order of the district court.
 

 Rose and Gibbons, JJ., concur.
 

 [1]
 

 See Gallagher v. City of Las Vegas,
 
 114 Nev. 595, 600, 959 P.2d 519, 521 (1998).
 

 [2]
 

 Apeceche
 
 v.
 
 White Pine Co.,
 
 96 Nev. 723, 725, 615 P.2d 975, 977 (1980).
 

 [3]
 

 See City of Reno
 
 v.
 
 Reno Police Protective Ass’n,
 
 118 Nev. 889, 894, 59 P.3d 1212, 1216 (2002).
 

 [4]
 

 114 Nev. at 601-02, 959 P.2d at 522-23.
 

 [5]
 

 Id.
 
 at 602, 959 P.2d at 523.
 

 [6]
 

 NRS 616C.475(1).
 

 [7]
 

 110 Nev. 257, 260-61, 871 P.2d 317, 319 (1994).
 

 [8]
 

 See, e.g.,
 
 NAC 616C.420 (defining “average monthly wage” as “the total gross value of all money, goods and services received by an injured employee from his employment to compensate him for his time or services and is used as the base for calculating the rate of compensation for the injured employee”); NAC 616C.423 (describing items included in average monthly wage but omitting retirement benefits).
 

 [9]
 

 We recognize that this court’s opinion in
 
 Gallagher
 
 focused on the requisite payment of medical benefits; however,
 
 Gallagher
 
 did not address payment of compensation following a work-related disability.
 

 [10]
 

 Cal. Government Code § 16280 (West 1995).
 

 [11]
 

 See Van Voorhis v. Workmen's Compensation Appeals Board,
 
 112 Cal. Rptr. 208 (Ct. App. 1974).
 

 [12]
 

 Appeal of Gelinas,
 
 698 A.2d 1248, 1250-51 (N.H. 1977).