OPINION
By the Court,
Hardesty, J.:
On May 5, 2008, petitioner Elizabeth Halverson filed in this court an original petition seeking an extraordinary writ and de *486 claratory relief that would prevent the Secretary of State and the Clark County Registrar of Voters from holding an election in 2008 for four judicial positions created by the 2005 Nevada Legislature in Senate Bill (S.B.) 195. According to Halverson, S.B. 195 unconstitutionally created positions for judges with initial terms of two years, when the state constitution requires six-year terms for all district court judges. The judicial positions created by S.B. 195 were filled by election in 2006 and pursuant to the two-year term created by the bill are now open for election in 2008. Halverson asks this court to declare the bill’s two-year term provision unconstitutional and substitute it with a six-year term.
We conclude that the senate bill does not violate the constitution because the constitution provides the Legislature with the ability to create new judicial positions for less than six-year initial terms in order to place judicial positions on the same election cycle. Longstanding precedent from this court has settled the constitutionality of statutes creating judicial positions with shortened initial terms to preserve a uniform general election cycle. Further, that precedent rejects any right by the judge selected for the shortened initial term to later claim entitlement to a full six-year term. As the two-year term in this senate bill was part of an ongoing effort by the Legislature to place judicial positions on identical election cycles, it is constitutional. We therefore deny the petition.

FACTS

In 2005, the Legislature passed S.B. 195, which amended NRS 3.018 by adding four new judicial positions in the Eighth Judicial District for initial terms of two years. Three of the new positions were for general jurisdiction district court judges and one was for a family division district court judge. Specifically, the relevant portion of the bill stated that
[t]he additional district judges required for the Eighth Judicial District pursuant to section 1 of this act must be selected at the general election held on November 7, 2006, and take office on January 1, 2007. The terms of these judges expire on January 2, 2009.[1]
After passage of S.B. 195, NRS 3.018 provided that “[f]or the Eighth Judicial District there must be 37 district judges, 13 of whom must be judges of the family court,” but did not address the shortened initial terms. Although the language of S.B. 195, stating that the new judicial positions began January 2007 and ended January 2009, was not codified in NRS 3.018, it was passed and included in the 2005 Statutes of Nevada, Chapter 436, Section 3. S.B. 195’s language, however, was included in the reviser’s notes to NRS 3.018. NRS 220.170(3) states that while the Nevada Re *487 vised Statutes may be cited as prima facie evidence of the law, it “may be rebutted by proof that the statutes cited differ from the official Statutes of Nevada.” Thus, while not enacted in NRS 3.018, the two-year term limitation is law, as it was enacted in the official Statutes of Nevada.
Halverson’s original petition for a writ of mandamus or prohibition and request for declaratory relief challenges the constitutionality of S.B. 195 on the ground that the Nevada Constitution, Article 6, Section 5, requires all judicial terms to last six years. As stated, Halverson therefore requests that S.B. 195’s two-year term, to which she was elected, be expanded to a six-year term.

DISCUSSION

A writ of mandamus is available to compel the performance of an act that the law requires or to control a manifest abuse of discretion.[2] A writ of prohibition may be issued to compel a person or body exercising judicial functions to cease performing beyond its legal authority.[3] A petition will only be granted when the petitioner has a clear right to the relief requested and there is no plain, speedy, and adequate remedy in the ordinary course of law.[4] Because both mandamus and prohibition are extraordinary remedies, the determination of whether to consider a petition is solely within this court’s discretion.[5] The petitioner has the burden to establish that writ relief is appropriate.[6] In the present matter, since Halverson does not argue that respondents are exercising judicial functions, this petition is more appropriately considered under mandamus standards.
The primary issues raised in this writ petition and request for declaratory relief[7] concern the interpretation of constitutional and statutory provisions. “Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional.”[8] The presumption, however, is rebutted when the chal *488 lenger clearly shows the statute’s invalidity.[9] The rules of statutory construction apply with equal force to the interpretation of a constitutional provision.[10]
In 1864, Article 6, Section 5 of the Nevada Constitution stated, in relevant part, that “[t]he district judges shall be elected by the qualified electors of their respective districts, and shall hold office for the term of 4 years . . . ,”[11] In State of Nevada v. Gorin, this court addressed this provision and examined the intent of the framers of the constitution when it interpreted a statute enacted only a few years after the ratification of the constitution.[12] The Gorin court considered the constitutionality of the 1867 Legislature’s enactment of a statute that created a new judicial district and specified that the initial term of the judge elected for that district would be two years, after which the position would have four-year terms.[13] The person first elected to the judicial office in 1868 died in August 1870, prior to the completion of the initial two-year term, and the governor appointed his replacement.[14] At the general election in November 1870, the appointee was defeated and a new judge was elected to fill the judgeship. However, the gubernatorial appointee refused to vacate the office, claiming that the constitution mandated four-year terms, and that the statute creating an initial two-year term was unconstitutional. According to the appointee, the notice of election for a full four-year term for the judicial position in November 1870 was void because the initial term for the judgeship created in 1867 should have been four years and he was entitled to remain in the position for two more years.[15]
In resolving this issue, the Gorin court implicitly engaged in several currently recognized appropriate rules of constitutional construction. The language of a constitutional provision is applied in accordance with its plain meaning, unless the language is ambiguous.[16] When there is an ambiguity, the court looks to the intent of the drafters to determine the proper interpretation.[17] In determining the intent of the drafters, “[a] contemporaneous construction *489 by the legislature of a constitutional provision is a ‘safe guide to its proper interpretation’ and creates ‘a strong presumption’ that the interpretation was proper.”[18] This is useful because such construction is “likely reflective of the mindset of the framers.”[19] Therefore, when appropriate, this court looks to the Legislature’s contemporaneous actions in interpreting constitutional language to carry out the intent of the framers of Nevada’s Constitution.[20] Finally, “[t]he Nevada Constitution should be read as a whole, so as to give effect to and harmonize each provision.”[21]
The Gorin court determined that the legislative enactment creating a judicial position for an initial two-year term was constitutional.[22] Harmonizing the constitutional requirement for a regular four-year term with the constitutional provision mandating shortened terms resulting from vacancies, the court concluded that the framers of the constitution intended for the election of district court judges to ultimately occur during the same election cycle.[23] As a result, the court held that when the Legislature created a new judicial position, it could be filled immediately, with the initial term to run for the period remaining until the next general election of all district court judges.[24]
In reaching its decision, the Gorin court examined Article 17, Section 22 of the Nevada Constitution, which provided for a gubernatorial appointment to fill a vacant judicial office, followed by a general election for a replacement judge to fill the “residue of the unexpired term.”[25] This provision raised a question concerning the proper length of the judge’s term. The Gorin court recognized the uncertainty created when considering together both the constitutional mandate of a four-year (now six-year) term of office for a district judge under Article 6, Section 5, and the requirement under Article 17, Section 22 that a judge filling a vacancy only *490 serve for the remainder of the vacant term.[26] Gorin reasoned that the only explanation for the framers to limit the person who fills a judicial vacancy to the remainder of the vacant term, instead of providing the person with a full term, is to keep all judicial positions on the same general election cycle.[27] As the Gorin court observed, “it was deemed desirable to have the election of these judges occur at the same time throughout the state, to prevent the expiration of one term at one time and another at another time.’ ’[28] The court continued by stating that the constitution clearly establishes the first election of district court judges and then provides for general elections thereafter every four (now six) years.[29] Thus, the framers of the constitution intended that the terms of district court judges begin and end at the same election, and this intent applies equally to all new positions created at later dates.[30]
Applying the framers’ intent to maintain consistency for general elections, the Gorin court reasoned that the Legislature could create a new judicial position and provide for a term of office that lasted only until the next general election of judges.[31] Accordingly, the court declared the legislation creating a new judicial position with an initial term of less than four years constitutional, explaining that “it simply provides for a special filling of the office until the general election for district judges throughout the state . . . ,”[32] The Gorin court concluded that
[b]y this construction, what seems to us a very clear purpose of the framers of the constitution is fully carried out, namely, the election of all the district judges throughout the state for the regular term at the same time, and also at the election of the state officers generally.[33]
Based upon this reasoning, Gorin specifically rejected the notion now presented by Halverson that the creation of an initial term shorter than four (now six) years permits the incumbent on the initial term to remain in office for a period not prescribed by the Legislature.
While the Legislature prior to Gorin created a new judicial district and a new judicial position in that district for less than a full *491 term, the Gorin court’s reasoning applies equally to the creation of a new judicial position within an existing judicial district. Therefore, the holding in Gorin resolves the issue of constitutionality raised in the present writ petition. The Legislature created new judicial positions for initial terms of fewer than six years in order to place these new positions on the same election cycle as the vast majority of other district court positions throughout the state. This intent is made evident by reviewing judicial positions created by the Legislature both before and after S.B. 195. In particular, in 1999 the Legislature created new positions that had two-year terms, from 2001 to 2003, thus placing them on the regular election cycle beginning in 2002, with the next election to occur in 2008 and then 2014.[34] In 2001, new positions were created with six-year terms, from 2003 to 2009, thereby placing them on the same election cycle.[35] The judicial positions created during the 2007 Legislature, for the 2008 election, are for six-year terms, thereby placing them on the schedule for the next election in 2014.[36] The positions created under S.B. 195 were for two-year terms, with the next election being held in 2008. Thus the subsequent election for those judgeships would be six years later in 2014, consistent with the Legislature’s pattern for placing all district court positions on the same election cycle.[37]
Under the reasoning set forth in Gorin, the constitution allows the Legislature to create positions for district court judges with shorter terms to retain the same general election cycle. The intent of the framers of our constitution, to maintain consistency in the schedule for elections to district court judicial positions, is satisfied. Therefore, S.B. 195, creating new judicial positions with initial two-year terms, followed by the constitutionally mandated six-year terms beginning at the next general election, is constitutional.

CONCLUSION

S.B. 195’s creation of judicial offices with initial two-year terms is constitutional. The constitution allows the Legislature to create *492 new judicial positions with initial terms of fewer than six years in order to place those positions on the same election cycle as district court judge positions generally. As a result, we deny the petition for a writ of mandamus or prohibition and for declaratory relief.[38]
Gibbons, C. J., Maupin, Parraguirre, Douglas, Cherry and Saitta, JJ., concur.

 2005 Nev. Stat., ch. 436, § 3, at 1970.

 See NRS 34.160; Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

 NRS 34.320; Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

 Walker v. Dist. Ct., 120 Nev. 815, 819, 101 P.3d 787, 790 (2004).

 See Smith, 107 Nev. at 677, 818 P.2d at 851.

 Pan v. Dist. Ct., 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); NRAP 21(a).

 Based on our resolution of this case, it is unnecessary for us to reach the issues regarding the declaratory relief request.

 Nevadans for Nevada v. Beers, 122 Nev. 930, 939, 142 P.3d 339, 345 (2006).

 Id.

 Harvey v. Dist. Ct., 117 Nev. 754, 763, 32 P.3d 1263, 1269 (2001).

 In 1976, the people of this state amended this section of the constitution to expand district court judges’ term lengths from four to six years. Torvinen v. Rollins, 93 Nev. 92, 93, 560 P.2d 915, 916 (1977).

 6 Nev. 276 (1871).

 Id. at 277.

 Id.

 Id.

 Rogers v. Heller, 117 Nev. 169, 176, 18 P.3d 1034, 1038 (2001).

 Harvey v. Dist. Ct., 117 Nev. 754, 770, 32 P.3d 1263, 1274 (2001).

 State ex rel. Udall v. Colonial Penn. 812 P.2d 777, 783 (N.M. 1991). As applied in Gorin, “contemporaneous” refers to a legislative construction occurring close in time to when the constitutional provision was enacted.

 Director,; Office of State Lands v. Merbanco, 70 P.3d 241, 256 (Wyo. 2003).

 Id. at 253, 256; Udall, 812 P.2d at 783. See also Benson v. State, 887 A.2d 525, 535 (Md. 2005).

 Nevadans for Nevada v. Beers, 122 Nev. 930, 944, 142 P.3d 339, 348 (2006).

 State of Nevada v. Gorin, 6 Nev. 278 (1871).

 Id. at 279.

 Id.

 We note that Article 17, Section 22 of the constitution regarding the filling of vacancies relied upon in Gorin was amended in 1976 to remove judicial officers from its application. However, other than the creation of a Commission on Judicial Selection, the same process was retained, pursuant to Nevada Constitution, Article 6, Section 20, and in NRS 3.080.

 Gorin, 6 Nev. at 278.

 Id.

 Id.

 Id. at 278-79.

 Id. at 279.

 Id.

 Id.

 Id.

 1999 Nev. Stat., ch. 507, § 2, at 2610.

 2001 Nev. Stat., ch. 552, § 3, at 2746.

 2007 Nev. Stat., ch. 363, § 3, at 1729.

 We recognize that in 1991 the Legislature created the family division of the district court but did not place those seven judicial positions on the same election cycle of district court judges generally. See 1991 Nev. Stat., ch. 659, §§ 2-7, at 2174-76. These positions, however, were created for initial full six-year terms and thus met the constitutional requirement for six-year terms. Nothing in Gorin prevents the Legislature from creating off-cycle positions as long as they meet the full six-year term requirement. Furthermore, this did not alter the framers’ intent to allow for a general election of district court judges at the same election.

 We note that on June 6, 2008, Halverson signed a complaint that the Equal Employment Opportunity Commission (EEOC) received on June 12, 2008. Halverson failed to inform this court of the existence of this complaint during the June 13, 2008, oral argument, at which time this court took this writ petition under submission. Although the court was served with the EEOC complaint on June 23, 2008, we nevertheless determine that we have a duty to sit and decide this matter. See In re Ross, 99 Nev. 1, 10, 656 P.2d 832, 837 (1983) (recognizing the “rule of necessity” exception to judicial qualification, in which disqualification is inappropriate when such disqualification “would leave the parties without a forum”); see also Las Vegas Downtown Redev. Agency v. Hecht, 113 Nev. 644, 649-50, 940 P.2d 134, 138 (1997) (stating that a party cannot create a situation and then seek disqualification of a judge based on the situation it created).