# IN THE SUPREME COURT OF THE STATE OF NEVADA

CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
GERALD W. HARDCASTLE,
Respondents,
    and
JENAE D.,
Real Party in Interest.

No. 68921

FILED

JUN 2 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of mandamus or prohibition from a nunc pro tunc out-of-home placement order directing Clark County Department of Family Services to pay housing costs on behalf of a parent whose children are in the custody of the Department of Family Services. Eighth Judicial District Court, Clark County; Gerald W. Hardcastle, Senior Judge.

Real party in interest Jenae D. is the mother of the subject minor children. On February 1, 2015, Jenae was arrested on child neglect charges, and the minor children were placed into protective custody and taken to Child Haven. After the children were taken into protective custody, the district court conducted a protective custody hearing and made factual findings of inadequate supervision and cause to remove the minor children from their home with Jenae. Concurrently, the Clark County district attorney's criminal division filed a criminal complaint

against Jenae, alleging attempted child abuse, neglect, or endangerment—a Class C felony.

On March 17, 2015, Jenae pleaded guilty to felony criminal charges and received four years of formal probation in exchange for her plea. As a result of the plea and conviction, Jenae lost her Section 8 housing.

At the disposition hearing, the district court expressed concern that the criminal and child welfare divisions of the district attorney's office had not communicated or consulted with each other regarding Jenae's criminal prosecution. This lack of communication resulted in Jenae losing the benefit of Section 8 housing. Without Section 8 housing, she could not meet the standard case plan condition to provide "[s]table [h]ousing" and her ability to reunify with her children was adversely affected. Therefore, the district court found that the lack of communication imposed a burden on Jenae and that the entity responsible for Jenae's inability to obtain housing should be responsible for paying for her housing.

The Clark County Department of Family Services (DFS) now petitions this court.

*DFS has an adequate remedy that it failed to pursue*

When considering a writ petition, this court reviews legal questions de novo and "gives deference to the district court's findings of fact." *Williams v. Eighth Judicial Dist. Court,* 127 Nev. 518, 525, 262 P.3d 360, 365 (2011). This court has original jurisdiction to grant extraordinary writ relief. *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court,* 128 Nev. 180, 184, 273 P.3d 861, 864 (2012). "[B]oth writs of prohibition and writs of mandamus are extraordinary remedies." *Cote H. v. Eighth Judicial Dist. Court,* 124 Nev. 36, 39, 175 P.3d 906, 908 (2008). Writ relief is generally available only "where there is not a plain, speedy and

adequate remedy in the ordinary course of law." NRS 34.170; NRS 34.330; *see also Halverson v. Miller*, 124 Nev. 484, 487, 186 P.3d 893, 896 (2008).

Here, DFS failed to file a motion to revoke or modify the district court order pursuant to NRS 432B.570(1). When a motion to modify or revoke an order is made, "[t]he [district] court shall hold a hearing on the motion and may dismiss the motion or revoke or modify any order as it determines is in the best interest of the child." NRS 432B.570(2). This court has stated that a motion pursuant to NRS 432B.570(1) is an adequate remedy at law. *Manuela H. v. Eighth Judicial Dist. Court*, 132 Nev., Adv. Op. 1, 365 P.3d 497, 500 (2016). Thus, we hold that DFS had an adequate remedy at law that it failed to pursue. Therefore, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

 

cc: Chief Judge, The Eighth Judicial District Court
Hon. Gerald W. Hardcastle, Senior Judge
Attorney General/Carson City
Clark County District Attorney/Juvenile Division
Valarie I. Fujii & Associates
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

4