IN THE SUPREME COURT OF THE STATE OF NEVADA

NUVEDA, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
and
DOTAN Y. MELECH, RECEIVER FOR
CWNEVADA, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Real Party in Interest.

No. 79747



FILED

JUL 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR
## WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus or prohibition challenges the district court's actions in a receivership case. Having considered the parties' briefs and the appendices filed in this matter, we decline to grant writ relief. *Halverson v. Miller*, 124 Nev. 484, 487, 186 P.3d 893, 896 (2008) (recognizing that the decision to issue a writ of mandamus or prohibition "is solely within this court's discretion").

Petitioner first asserts that the district court lacked jurisdiction to enter the challenged order due to the pending appeal of the order appointing the receiver in Docket No. 79304. *See* NRS 34.320 (providing that a writ of prohibition can issue to control a court acting in excess of its jurisdiction); *Foster v. Dingwall*, 126 Nev. 49, 52, 228 P.3d 453, 454-55 (2010) (recognizing that a timely notice of appeal divests the district court of jurisdiction to revisit issues pending before the appellate court). The challenged order, however, does not raise the same issues as the order on appeal, and "in no way affect[s] the appeal's merits." *Foster*, 126 Nev. at 52,

SUPREME COURT
OF
NEVADA

(O) 1947A

20- 26209

228 P.3d at 455 (quoting *Mack-Manley v. Manley*, 122 Nev. 849, 855, 138 P.3d 525, 530 (2006)). All the challenged order does is permit an administrative agency to consider the receiver's application for a license transfer. Thus, writ relief is not warranted on this basis.

Petitioner next argues that it is entitled to writ relief because, by allowing the receiver to apply for the licenses at issue to be transferred to the receiver in his individual capacity, instead of as an agent of the court, the district court exceeded its jurisdiction. Petitioner failed to support his argument with legal citations, such that he has not demonstrated a clear entitlement to writ relief on this basis. *See* NRAP 21(a)(3)(E) (providing that a petition for writ relief "must state . . . the reasons why the writ should issue, including . . . legal authorities"); *Halverson*, 124 Nev. at 487, 186 P.3d at 896 ("A petition will only be granted when the petitioner has a clear right to the relief requested . . . ."). We therefore

ORDER the petition DENIED.[1]

_____, J.
Gibbons

_____, J.     _____, J.
Stiglich                                  Silver

---

[1]Petitioner failed to provide any argument regarding the "Debt Conversion Motion" and we therefore do not address petitioner's request for relief regarding that motion. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that this court need not consider issues that are not cogently argued or supported by relevant authority).

cc:    Hon. Rob Bare, District Judge
Law Office of Mitchell Stipp
Holley, Driggs, Walch, Fine, Puzey, Stein, Thompson/Las Vegas
Eighth District Court Clerk