IN THE SUPREME COURT OF THE STATE OF NEVADA

REPUBLICAN NATIONAL
COMMITTEE,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
TIMOTHY C. WILLIAMS, DISTRICT
JUDGE,
Respondents,
    and
CLARK COUNTY; CLARK COUNTY
ELECTION DEPARTMENT; JOE P.
GLORIA, IN HIS OFFICIAL CAPACITY
AS THE CLARK COUNTY REGISTRAR
OF VOTERS; DSCC; AND DCCC,
Real Parties in Interest.

No. 85604

FILED

NOV 08 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This emergency, original petition for a writ of mandamus challenges a district court decision, reflected in November 3, 2022, minutes, denying petitioner's request for mandamus or injunctive relief related to the political composition of the persons verifying signatures used for mail ballots in Clark County.[1] Respondents timely filed a response, as directed.

The Clark County Registrar, real party in interest Joe P. Gloria, initially hired 64 temporary workers from employment agencies to verify

---

[1]Restoring Integrity and Trust in Elections, Inc. (RITE) has filed a motion for leave to file an amicus curiae brief in support of petitioner. The motion is granted; the amicus brief was filed on November 8, 2022.

the signatures on returned mail ballots; of these, 23 are Democrats, 8 are Republicans, and 33 are Nonpartisans. An additional 6 Republican workers were later hired to verify signatures. Nevertheless, given these figures, petitioner Republican National Committee (RNC) asserts that the signature verifiers' composition disproportionately excludes Republicans and, consequently, the Registrar has violated his duty under NRS 293B.360(2) to ensure that the "members of each [special election] board must represent all political parties as equally as possible."

RNC sought relief from the district court, and the district court denied RNC's petition but has not yet entered a written order reflecting its decision. Consequently, RNC has sought emergency writ relief from this court, which petition we will consider, given the urgent mid-election circumstances and lack of a written order. *Las Vegas Review-Journal v. Eighth Judicial Dist. Court*, 134 Nev. 40, 43, 412 P.3d 23, 26 (2018) (entertaining a petition for writ relief from the district court's oral preliminary injunction, because the oral pronouncement could not be immediately appealed and a later appeal could not afford adequate relief). Although the Registrar explained that the make-up of the team varies significantly each day due to personal employee reasons, RNC seeks an order mandating immediate compliance with NRC 293B.360(2) going forward because, it claims, signature verification is currently ongoing and there is no assurance that the Registrar will continue to hire and schedule signature verifiers in a manner that effectuates NRS 293B.360(2)'s equal representation requirement.

As petitioner, it is RNC's burden to demonstrate a clear legal right to the relief requested. *Halverson v. Sec'y of State*, 124 Nev. 484, 487, 186 P.3d 893, 896 (2008) ("A petition will only be granted when the

(O) 1947A

petitioner has a clear right to the relief requested."); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) ("Petitioners carry the burden of demonstrating that extraordinary relief is warranted."). We review issues of statutory interpretation de novo, even in the context of a writ petition. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008).

NRS 293B.360(1) provides that the Registrar "shall create" a computer program and processing accuracy board and "may create" other boards, including a "mail ballot inspection board" and "[s]uch additional boards . . . as the [Registrar] deems necessary for the expeditious processing of ballots."[2] (Emphasis added.) With respect to such boards, the Registrar must ensure that the members "represent all political parties as equally as possible." Nothing in NRS 293B.360 fashions or addresses any board for signature verification purposes or requires the Registrar to create a board of signature verifiers. *See also* NRS 293B.365 & NRS 293B.370 (repealed) (defining the duties of the central ballot inspection board and the absent ballot mailing precinct inspection board, respectively, neither of which mention signature verification).

Rather, a different statute, NRS 293.269927, specifically governs the procedures for verifying the signatures used for mail ballots. When mail ballots are returned, "the clerk or an employee in the office of the clerk" is charged with verifying the voter's signature on the return envelope. NRS 293.269927(1). In Clark County, the signatures on mail ballot return envelopes are initially checked by electronic means. If the electronic device is unable to match the voter's signature against the voter

---

[2]"Clerk" and "Registrar" are used interchangeably. *See* NRS 293.044.



application signatures on file with the county clerk, the signature must be verified manually. *See* NRS 293.269927(2). To do this, "[t]he clerk or employee" reviews the signature used for the ballot against all the signatures available in the clerk's records, and "[i]f at least two employees in the office of the clerk" discern a reasonable question as to whether the signatures match, the clerk must contact the voter for confirmation that the signature belongs to the voter. NRS 293.269927(3). Thus, NRS 293.269927 provides that the Registrar and his employees will conduct the signature verification process, and it appears that this is the process being followed by the Registrar. The statute contains no requirement that a board verify the signatures, nor is there any requirement therein that signature verification on mail ballot returns is done by persons of different political parties. *Cf.* NRS 293.277 (signature verification at polling places to be conducted by election board officers); NRS 293.217 (requiring merely that election boards at polling places "must not all be of the same political party"). The Legislature has placed such express requirements in other statutes governing the election process, and it is for the Legislature, not this court, to determine whether similar requirements are warranted for signature verification of mail ballots.

Nevertheless, RNC insists that, even if the creation of a board was not required, the Registrar necessarily created a board when he hired a group of temporary workers to assist him with conducting the election based on NRS 293B.027, which defines "election board": "'Election board' means the persons appointed by each county or city clerk to assist in the conduct of an election." Essentially, RNC appears to argue that anyone assisting the Registrar in election efforts is necessarily an election board to which NRS 293B.360(2) applies. We decline to read such a substantive



requirement into a definitional statute in this manner, without consideration of the statutory scheme specifically governing elections and the verification of mail ballot signatures discussed above. *See generally Williams v. State Dep't of Corr.*, 133 Nev. 594, 601, 402 P.3d 1260, 1265 (2017) (explaining that "the more specific statute will take precedence" over a general statute). Although an election board is comprised of persons appointed to assist with an election, the definitional statute does not impose a requirement that all persons verifying mail ballot signatures constitute a board that must comply with NRS 293B.360(2). Accordingly, RNC has not demonstrated a clear legal right to the relief requested, and we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.        _____, J.
Hardesty                                          Stiglich

_____, J.        _____, J.
Cadish                                             Pickering

_____, J.
Herndon

cc: Hon. Timothy C. Williams, District Judge
Pisanelli Bice, PLLC
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
Elias Law Group LLP/Wash DC
Clark County District Attorney/Civil Division
Snell & Wilmer/Phoenix
Snell & Wilmer, LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A