141 Nev., Advance Opinion 28

# IN THE COURT OF APPEALS OF THE STATE OF NEVADA

| | |
|---|---|
| CITY OF LAS VEGAS; AND CCMSI, Appellants, vs. PEGGY MUNSON, Respondent. | No. 88888-COA |



FILED

JUN 12 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Danielle K. Pieper, Judge.

*Affirmed.*

Hooks, Meng & Clement and Daniel L. Schwartz, Las Vegas,
for Appellants.

GGRM Law Firm and Lisa M. Anderson, Las Vegas,
for Respondent.

---

BEFORE THE COURT OF APPEALS, BULLA, C.J., and GIBBONS and WESTBROOK, JJ.

## OPINION

By the Court, WESTBROOK, J.:

In 2015, the Nevada Legislature amended NRS 617.457 to limit the workers' compensation benefits that retired firefighters, arson investigators, and police officers may obtain in connection with claims for diseases of the heart that are filed after their retirement. Generally, NRS

25- 26180

617.457(14) provides that retirees who file such claims may only recover medical benefits. Today, we clarify that the limitation set forth in NRS 617.457(14) does not apply to retirees who have completed at least 20 years of creditable service as of June 8, 2015. *See* 2015 Nev. Stat., ch. 420, §§ 3, 6-7, at 2429-31, 2433. Because the respondent in this case had at least 20 years of creditable service as a firefighter as of June 8, 2015, she was not barred from recovering permanent total disability benefits for the heart disease claim that she filed in 2021, after her retirement.

Further, based on the Nevada Supreme Court's decisions in *DeMaranville v. Employers Insurance Co. of Nevada*, 135 Nev. 259, 448 P.3d 526 (2019), and *Clark County v. Bean*, 136 Nev. 579, 482 P.3d 1207 (2020), we conclude that respondent's permanent total disability benefits were properly calculated based on the wages she earned on her last day of covered employment. We therefore affirm the district court's denial of appellants' petition for judicial review, as the appeals officer correctly found that respondent was entitled to permanent total disability benefits based on the wages she was earning at the time she retired.[1]

## FACTS AND PROCEDURAL HISTORY

Respondent Peggy Munson worked as a firefighter with the City of Las Vegas from November 1992 until she retired in February 2013. In 2021, about eight years after she retired, Munson was diagnosed with a disabling heart disease and applied for permanent total disability benefits. CCMSI, the City's workers' compensation insurer, denied Munson's request

---

[1]We originally resolved this appeal by unpublished order. Respondent subsequently moved on May 7, 2025, to publish that order as an opinion. Cause appearing, we grant the motion. *See* NRAP 36(e). Accordingly, we now issue this opinion in place of our order issued April 24, 2025.

for permanent total disability benefits pursuant to NRS 617.457(14) because she was retired at the time she filed her claim.

Munson challenged this denial, but a hearing officer affirmed CCMSI's determination. Munson thereafter appealed the hearing officer's decision. Munson argued to the appeals officer that while NRS 617.457(14) generally precluded retirees from receiving permanent total disability benefits, Senate Bill 153—which enacted NRS 617.457(14)—provided a carveout such that NRS 617.457(14) did not apply to anyone who had completed at least 20 years of creditable service as a firefighter on the law's effective date. S.B. 153, 78th Leg. (Nev. 2015). Munson argued that because she served as a firefighter for over 20 years, the carveout to NRS 617.457(14) applied and she was entitled to permanent total disability benefits. The appeals officer reversed the denial of Munson's claim and awarded Munson permanent total disability benefits based on the wages she earned on her last day of working for the City. The City and CCMSI petitioned for judicial review in the district court, and the district court denied their petition. This appeal followed.

## *ANALYSIS*

On appeal, the City and CCMSI (collectively "appellants") argue the appeals officer abused her discretion in determining that Munson was entitled to permanent total disability benefits. Appellants also argue the appeals officer abused her discretion in calculating Munson's permanent total disability benefits based on the wages she earned on her last date of employment with the City. After review, we conclude the appeals officer did not abuse her discretion, and thus we affirm the district court's denial of appellants' petition for judicial review.

 

First, appellants argue NRS 617.457(14) precluded Munson from receiving any compensation beyond medical benefits because she was retired at the time she incurred her occupational disease and filed her workers' compensation claim. In response, Munson argues NRS 617.457(14) does not apply to her because section 6 of S.B. 153 provided a carveout for firefighters who, like her, had completed at least 20 years of service on that section's effective date in 2015. Appellants, in reply, contend that section 6 of S.B. 153 "was not codified into the statute itself" and thus does not have binding authoritative weight. We agree with Munson that the carveout provision applies.

When reviewing an administrative decision, this court's role "is identical to that of the district court: to review the evidence presented to the agency in order to determine whether the agency's decision was arbitrary or capricious and was thus an abuse of the agency's discretion." *United Exposition Serv. Co. v. State Indus. Ins. Sys.*, 109 Nev. 421, 423, 851 P.2d 423, 424 (1993). Appellate review of a final agency decision is "confined to the record before the agency." *Law Offices of Barry Levinson, P.C. v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 384 (2008). Moreover, this court reviews purely legal questions de novo. *Id.*

NRS 617.457 governs heart diseases as occupational diseases for firefighters and certain other professionals. As relevant here, NRS 617.457(12) provides that a person who is "[p]artially disabled from an occupational [heart] disease" and "[i]ncapable of performing . . . work as a firefighter . . . may elect to receive the benefits provided under NRS 616C.440 for a permanent total disability." However, NRS 617.457(14) states that "[a] person who files a claim for a disease of the heart specified

in this section after he or she retires from employment as a firefighter . . . is not entitled to receive any compensation for that disease other than medical benefits."

The language now contained in NRS 617.457(14) was initially added to the Nevada Revised Statutes in 2015 through S.B. 153.[2] *See* 2015 Nev. Stat., ch. 420, § 3, at 2431. Notably, section 6 of S.B. 153 states that NRS 617.457(14) does not apply to persons "who, on the effective date of this section, ha[ve] completed at least 20 years of creditable service" as a firefighter. *See* S.B. 153, 78th Leg. (Nev. 2015). Although the Legislative Counsel did not codify this language into NRS 617.457, *see* NRS 220.100(2); NRS 220.120(1), section 6 of S.B. 153 was approved by the Governor and enacted into law on June 8, 2015, *see* 2015 Nev. Stat., ch. 420, §§ 6-7, at 2433. As such, it constitutes binding law, and its omission from NRS 617.457 is immaterial. *See* NRS 220.170(3) (stating copies of the Nevada Revised Statutes "may be cited as prima facie evidence of the law," but that such "evidence may be rebutted by proof that the statutes cited differ from the official Statutes of Nevada"); *see also Halverson v. Sec'y of State*, 124 Nev. 484, 486-87, 186 P.3d 893, 895-96 (2008) (stating language in a senate bill that was not codified into the Nevada Revised Statutes was still the law because "it was enacted in the official Statutes of Nevada"). Therefore, appellants fail to demonstrate that section 6 of S.B. 153 does not constitute binding law.

Appellants briefly argue that, even if section 6 of S.B. 153 constitutes binding law, based on the plain language of that section, NRS

---

[2]Originally, this language was codified at NRS 617.457(13). *See* 2015 Nev. Stat., ch. 420, § 3, at 2431. However, effective January 1, 2017, that language is now contained in NRS 617.457(14). *Id.* §§ 3.5, 7, at 2433.

617.457(14) still applies to preclude permanent total disability payments. This court reviews questions of statutory interpretation de novo. *See Law Offices of Barry Levinson*, 124 Nev. at 365, 184 P.3d at 386. "In interpreting a statute, this court will look to the plain language of its text and construe the statute according to its fair meaning and so as not to produce unreasonable results." *Dolores v. State, Emp. Sec. Div.*, 134 Nev. 258, 259, 416 P.3d 259, 261 (2018) (quoting *I. Cox Constr. Co. v. CH2 Invs., LLC*, 129 Nev. 139, 142, 296 P.3d 1202, 1203 (2013)). A statute must be considered as a whole and should not be construed in a manner "that would render words or phrases superfluous or make a provision nugatory." *Law Offices of Barry Levinson*, 124 Nev. at 366, 184 P.3d at 386.

Section 6 of S.B. 153, as enacted, reads as follows:

The amendatory provisions of this act:

1. Apply only to disablement which occurs on or after the effective date of this section; and

2. Do not apply to any person who, on the effective date of this section, has completed at least 20 years of creditable service . . . as a . . . firefighter . . . in this State.

2015 Nev. Stat., ch. 420, § 6, at 2433. Appellants contend that subsections 1 and 2 should be read as one conjunctive test and that Munson cannot meet both prongs. However, the plain language of the statute does not support such an interpretation. Although subsections 1 and 2 are separated by the word "and," there is no introductory language indicating that these subsections constitute two parts of a conjunctive test. Rather, the plain language of the statute indicates subsections 1 and 2 are independent phrases addressing the applicability of the amendatory provisions. Moreover, the two provisions are logically unrelated—subsection 1 addresses which *disablements will be* impacted by the amendment, and

subsection 2 addresses which *persons will not be* impacted by the amendment.

Additionally, if the two subsections were read together as constituting a conjunctive test, then subsection 2's broad and unqualified exception for firefighters with at least 20 years of creditable service would be rendered ineffective in situations where their disablement occurred after that section became effective. Because such a reading would render subsection 2 nugatory under circumstances not contemplated by the plain language of the statute, we decline to consider section 6 of S.B. 153 to be a conjunctive two-part test. *See Int'l Game Tech., Inc. v. Second Jud. Dist. Ct.*, 124 Nev. 193, 202, 179 P.3d 556, 561 (2008) (recognizing that "the unreasonableness of the result produced by one among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another that would produce a reasonable result" (internal quotation marks omitted)). Further, while it is unnecessary to consider legislative history because of the plain language of the statute, we note that S.B. 153's history indicates the legislature did not intend to prohibit experienced firefighters, such as Munson, from receiving disability benefits that they previously would have been able to receive. *See* Hearing on S.B. 153, Before the Assembly Comm'n on Com. and Lab., 78th Leg., at 3 (Nev., May 6, 2015) (statement of Senator James A. Settelmeyer) (stating that S.B. 153 was not intended "to make changes for those people who have done their full time" and that "[t]hose who have put in their 20 years should not have changes").

Because section 6 of S.B. 153, as enacted, constitutes binding law, NRS 617.457(14) does not apply to Munson, and thus the statute did not preclude her from seeking permanent total disability benefits if she had "completed at least 20 years of creditable service" as a firefighter at the time

(O) 1947B

section 6 became effective in 2015, regardless of when she became disabled. It is undisputed that Munson was a firefighter for over 20 years when she retired in 2013. Therefore, NRS 617.457(14) does not apply to her, and we conclude that the appeals officer did not abuse her discretion by determining that Munson was entitled to seek permanent total disability benefits.[3]

*The appeals officer did not abuse her discretion in calculating Munson's permanent total disability benefits*

Appellants argue the appeals officer abused her discretion in calculating Munson's permanent total disability benefits. Specifically, appellants rely on *Howard v. City of Las Vegas* and argue that, even if Munson was entitled to seek permanent total disability benefits, the net result would be an award of $0 because she was retired at the time she became disabled. 121 Nev. 691, 120 P.3d 410 (2005). In response, Munson argues that appellants' reliance on *Howard* is misplaced and that the appeals officer appropriately applied the analysis used in *Clark County v.*

---

[3]Appellants argue in their reply brief that Munson cannot be entitled to permanent total disability benefits as she cannot show that she was "in the employ" of the City under NRS 616C.440(1). However, we need not consider this argument because appellants did not raise it before the appeals officer or in their opening brief on appeal. *See State ex. rel. State Bd. of Equalization v. Barta*, 124 Nev. 612, 621, 188 P.3d 1092, 1098 (2008) ("Because judicial review of administrative decisions is limited to the record before the administrative body, we conclude that a party waives an argument made for the first time to the district court on judicial review."); *see also Weaver v. State, Dep't of Motor Vehicles*, 121 Nev. 494, 502, 117 P.3d 193, 198-99 (2005) (providing that this court need not consider issues raised for the first time in an appellant's reply brief); *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011) (concluding that the appellant deprived the respondent "of a fair opportunity to respond" by raising an argument for the first time in the reply brief).

*Bean* to calculate her benefits. 136 Nev. 579, 482 P.3d 1207 (2020). We agree with Munson.

As noted above, this court reviews an administrative agency's decision for an abuse of discretion. *United Exposition*, 109 Nev. at 423, 851 P.2d at 424. However, "[q]uestions of law, including the agency's interpretation of statutes, are reviewed de novo without deference to the agency's decision." *Bean*, 136 Nev. at 581, 482 P.3d at 1209.

Pursuant to NRS 616C.440(1)(a), employees who are adjudged to have permanent total disability are entitled to "compensation per month of 66 2/3 percent of the average monthly wage." NAC 616C.423 details the forms of income that may be included in calculating an employee's average monthly wage. These average monthly wages are generally calculated based on "a history of earnings for a period of 12 weeks." NAC 616C.435(1). Additionally, "[t]he period used to calculate the average monthly wage must consist of consecutive days, ending on the date on which the injury or illness occurred, or the last day of the payroll period preceding the injury or illness if this period is representative of the average monthly wage." NAC 616C.435(8).

In *Howard*, the supreme court considered the extent to which a retired firefighter who suffered a heart attack was entitled to temporary total disability benefits. 121 Nev. at 692, 120 P.3d at 410. The supreme court concluded that even though the appellant's heart attack in that case was presumed to be an occupational disease arising out of and in the course of his employment, "NRS 617.420 require[d] that [temporary total] disability compensation be computed starting on the date of disability" and did not permit a claimant to receive "disability compensation if the claimant [was] not earning any wages" at the time of his or her disability. *Id.* at 693-

94, 120 P.3d at 411. Thus, "[b]ecause [the appellant] was retired and not earning an actual wage at the time of his disability, *from which a lost wage may be calculated,* he [was] not entitled to disability compensation *in the form of lost wages.*" *Id.* at 695, 120 P.3d at 412 (emphases added).

*Howard* is inapplicable here. *Howard* "rested [its] conclusion[ ] that disability benefits were unavailable on the provision in NRS 617.420(1) limiting compensation payable for temporary total disability." *DeMaranville v. Emps. Ins. Co. of Nev.*, 135 Nev. 259, 266, 448 P.3d 526, 533 (2019). That provision does not apply to a claimant, such as Munson, who seeks compensation for a permanent total disability. *Cf.* NRS 617.420(1) ("No compensation may be paid under this chapter for temporary total disability which does not incapacitate the employee for at least 5 cumulative days within a 20-day period from earning full wages . . . ."). Moreover, unlike the temporary disability benefits at issue in *Howard*, permanent total disability benefits are not intended as wage replacement. *Compare* NRS 616C.475(5) (requiring payments for a temporary total disability to cease under certain conditions, such as if a physician "determines that the employee is physically capable of any gainful employment"), *with* NRS 616C.440(3) (stating that an employee is entitled to receive permanent total disability compensation "so long as the permanent total disability continues to exist").

Rather, the supreme court's analyses in *DeMaranville* and *Bean* control this matter. In *DeMaranville*, the supreme court addressed how to calculate death benefits when a retired worker died from a compensable occupational disease. 135 Nev. at 264-68, 448 P.3d at 532-34. In doing so, the court resolved an ambiguity in NAC 616C.435 and held that such benefits should be based on wages earned immediately before retirement.

*Id.* at 267-68, 448 P.3d at 533-34. In *Bean*, the supreme court extended the *DeMaranville* analysis to the context of permanent partial disability benefits and held that such benefits should likewise be based on the wages earned immediately prior to retirement under NAC 616C.435. 136 Nev. at 582-83, 482 P.3d at 1210-11.

Like the claimants in *DeMaranville* and *Bean*, Munson did not seek compensation for a temporary total disability. *DeMaranville* and *Bean* interpreted and applied NAC 616C.435—the same regulation that governs the calculation of compensation in this matter. *See Bean*, 136 Nev. at 583-84, 482 P.3d at 1211; *DeMaranville*, 135 Nev. at 265-66, 448 P.3d at 531-33. In both cases, the supreme court declined to interpret NAC 616C.435 in a manner that "would effectively nullify the provisions in [the workers' compensation] statutes that establish compensable claims" and held that the amount of benefits must be based on "the last day of the disease-risk exposure that is causally connected to the disease," *i.e.*, based on the wages earned at the time of retirement. *Bean*, 136 Nev. at 582-84, 482 P.3d at 1210-11 (quoting *DeMaranville*, 135 Nev. at 266, 268, 448 P.3d at 532, 534).

In light of the foregoing, the appeals officer properly relied on the supreme court's reasoning in *Bean* and *DeMaranville* and considered the wages Munson was earning in 2013 when she retired as a firefighter to calculate her permanent total disability benefits. Because the appeals officer's conclusion properly applied the relevant law, we conclude that her decision was not an abuse of discretion.[4]

---

[4]Insofar as appellants have raised other arguments not specifically addressed in this opinion, we have considered the same and conclude that they do not present a basis for relief.

## CONCLUSION

Based on the foregoing, we affirm the district court's denial of appellants' petition for judicial review. Because Munson had at least 20 years of creditable service as a firefighter as of June 8, 2015, the limitation in NRS 617.453(14) did not apply to her. Therefore, the appeals officer did not abuse her discretion by awarding Munson permanent total disability benefits for the disabling heart disease claim that she filed after her retirement. Further, the appeals officer properly calculated Munson's permanent total disability benefits based on the wages she was earning at the time she retired.

_____, J.
Westbrook

We concur:

_____, C.J.
Bulla

_____, J.
Gibbons